## DRAISNER
### v.
### LISS REALTY CO., Inc.
### No. 11799.

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1954.

Decided April 8, 1954.

Petition for Rehearing and/or Modification of Decision Denied May 11, 1954.

Mr. Everett M. Raffel, Washington, D. C., for appellant.

Mr. Jacob N. Halper, Washington, D. C., with whom Samuel B. Block, Washington, D. C., was on the brief, for appellee.

Before CLARK, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The complaint in this action was filed May 31, 1949 seeking recovery of a deposit from the defendant Draisner, appellant here.[1] On November 23, 1949, upon application of the plaintiff, the clerk entered a default against Draisner who, despite personal service of process, had entered no appearance and had caused no pleading to be filed. On January 19, 1953, upon request of the plaintiff and on affidavit of the amount of the deposit due from Draisner, judgment by default was entered by the clerk in the amount claimed. From that judgment Draisner has brought this appeal.

When the complaint first was served upon him, Draisner consulted counsel.[*] After the time for answering elapsed, plaintiff's attorney communicated with Draisner's counsel and offered to extend the time for the filing of an answer. Two weeks later plaintiff again requested an answer. Four months later plaintiff advised of his intention to apply for the entry of a default unless an appearance was promptly entered. Finally the default was entered, but plaintiff wrote again indicating his willingness to have the default set aside upon condition that an answer be filed within five days. Despite these numerous entreaties, appellant took no action until some three years later to set aside the entry of default or defend against the complaint. It is difficult to imagine what additional steps were possibly open to plaintiff to induce Draisner to appear and plead.

[1]. Originally the complaint declared against four defendants, but a voluntary non-suit was taken as to one, and in due course, and under circumstances not here pertinent, motions to dismiss with prejudice were granted as to two others, leaving the appellant as the only defendant.

[*] Not his present attorney.

We can only conclude that Draisner's persistent default was willful and intentional and, therefore, that "good cause" for setting aside the entry of default could not be shown.[2]

The claim of the plaintiff was for a sum certain, and the defendant had been defaulted for failure to appear. Under such circumstances, Rule 55(b)(1) of the Federal Rules of Civil Procedure governed, and the clerk was authorized to enter the judgment.

There is no error.

Affirmed.

---

2. See Rule 55(c), Federal Rules of Civil Procedure, 28 U.S.C.A.