BALTIMORE TRANSIT COMPANY *v.* MEZZANOTTI

[No. 61, September Term, 1961.]

*Decided November 15, 1961.*

*Motion for rehearing filed December 11, 1961, denied December 20, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*George P. Bowie* for the appellant.

*William O. Goldstein,* with whom were *Israelson* and *Pines* and *Joseph I. Pines* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The plaintiff-appellee instituted suit against the defendant-appellant for personal injuries, incurred as a result of allegedly negligent conduct on the part of defendant's employee, when the plaintiff attempted to board one of its buses. After the defendant had filed a general issue plea, the plaintiff propounded certain interrogatories to the corporate defendant, which answered all of them except four, and, to these four, it flatly refused to reply. The plaintiff excepted to the sufficiency of the answers (in reality the failure to answer) pursuant to Maryland Rule 417 c 1, and the trial court sustained the exceptions, and ordered the defendant to answer. Again the defendant refused to answer, and filed a notice to stay execution of the court's order requiring it to answer the interrogatories, under the purported authority of Maryland Rule

819. The court refused to stay the operation of its order, and, instead of invoking the sanction of Maryland Rule 422 d (contempt), the court, upon motion of the plaintiff, entered a judgment by default against the defendant, pursuant to Maryland Rule 417 d. The appellant then moved to strike out the judgment by default. This motion was denied, as the defendant had not, and did not, answer the interrogatories. The appellant then took the deposition of the plaintiff, who refused, upon advice of counsel, to answer questions concerning the *happening* of the accident, since the default judgment had already been entered. Again, at the extension of the judgment by default, the appellant attempted to cross-examine the plaintiff upon the issue of liability, which the court declined to permit. It, thereupon, made a proffer of a "factual and meritorious defense," which was rejected by the court because of the default judgment.

After considering the above litigious and somewhat protracted maneuvering, including, as it does, an assumption by the defendant of the calculated risk of a default judgment against it, the rather innocuous nature of the interrogatories, to which answers were refused, will, doubtless, cause surprise to many. These interrogatories, which we designate as a, b, c and d, were:

> (a) State the names and addresses of all persons who investigated plaintiff's injuries and damages for you.
> (b) Give a concise statement of the facts as to how you contend the occurrence took place.
> (c) If you contend that the plaintiff acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.
> (d) If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

They are, obviously, framed, in almost verbatim language, in accordance with suggested "Form of Interrogatories" 11, 17,

18 and 19 on page 40 of Niles, *Discovery Digest for Maryland* (see also Code (1960 Cum. Supp.), Vol. 9, p. 55).

Interrogatories of the nature here involved are governed, largely, by Maryland Rule 417, (all future references to "Rules" will relate to Maryland Rules, unless otherwise stated) which, in turn, refers back to Rule 410 for the scope of the interrogatories permitted, so we shall set forth these rules in part.[1]

---

1. "RULE 417. DISCOVERY BY INTERROGATORIES TO PARTY ..................................................................................... GEN'L.

\* \* \*

a. *Service.*

1. Time.

"Any party to an action may at any time serve upon any adverse party written interrogatories to be answered by the party served, or, if the party served is a public or private corporation \* \* \*, by any officer or agent, who shall furnish such information as is available to the party served.

\* \* \*

"e. *Scope.*

Interrogatories may relate to any matters which can be inquired into under Rule 410 (Scope of Examination)."

"RULE 410. SCOPE OF EXAMINATION ............... GEN'L.

a. *Generally.*

Unless otherwise ordered by the court, a deponent may be examined, either orally or upon written questions, regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,

(1) whether it relates to the claim or defense of the party examining or submitting questions or to the claim or defense of any other party, and

\* \* \*

(3) including any information of the witness or party, however obtained, as to the identity and location of persons having knowledge of relevant facts and

(4) whether or not any of such matters is already known to or otherwise obtainable by the party examining or submitting questions."

\* \* \*

"c. *Writings Obtainable.*

Except as otherwise provided in Rule 406 (Order to Protect Party and Deponent), a party may by written interrogatory or

We do not deem it necessary nor desirable, at this time, to make an extended or elaborate statement concerning our discovery rules. It will suffice to say that it is clear they are broad and comprehensive in scope, and were deliberately designed so to be. One of their fundamental and principal objectives is to require the disclosure of *facts* by a party litigant to all of his adversaries, and thereby to eliminate, as far as possible, the necessity of any party to litigation going to trial in a confused or muddled state of mind, concerning the facts that gave rise to the litigation. If all of the parties have knowledge of all of the relevant, pertinent and non-privileged facts, or the knowledge of the existence or whereabouts of such facts, the parties should be able properly to prepare their claims and defenses, thereby advancing the sound and expeditious administration of justice. In order to accomplish the above purposes, the discovery rules are to be liberally construed. And the trial judges, who are primarily called upon to administer said rules, are vested

---

by deposition require that an opposing party produce or submit for inspection:

* * *

2. Report of Expert.

A written report of an expert, whom the opposing party proposes to call as a witness, whether or not such report was obtained by the opposing party in anticipation of trial or in preparation for litigation. If such expert has not made a written report to the opposing party, such expert may be examined upon written questions or by oral deposition as to his findings and opinions.

d. *Writings Not Obtainable.*

Except as otherwise provided in Rule 406 (Order to Protect Party and Deponent), a party or deponent shall not be required to produce or submit for inspection:

1. Object Prepared for Trial.

A writing, statement, photograph or other object obtained or prepared in anticipation of litigation or in preparation for trial, except as provided in section c of this Rule, unless the court otherwise orders on the ground that a denial of production or inspection will result in an injustice or undue hardship.

2. Reflecting Attorney's Conclusions.

A writing which reflects an attorney's mental impressions, conclusions, opinions or legal theories."

with a reasonable, sound discretion in applying them, which discretion will not be disturbed in the absence of a showing of its abuse.[2] We turn now to a consideration of the specific interrogatories propounded.

(a).

It is difficult to sift out and state the essence or heart of the appellant's argument under this heading (if there be either). The defendant deplores the dearth of appellate decisional law in the field of discovery;[3] and seems to pitch its claim that (a) is an improper interrogatory on the fact that Rule 410 c 2 only requires an opposing party to produce the reports, or names, of "experts" whom the opposing party "proposes to call" as witnesses. From this premise, appellant contends that it cannot be compelled to disclose the names of its investigators, because the plaintiff is not required to disclose to it the names of *all* of the experts who have examined the plaintiff, but only those whom she intends to call as witnesses, which permits the plaintiff "to shop around" for the right doctor with no fear of subsequent discovery.

The argument is, patently, untenable. If it be desirable to require parties to divulge the names of *all* experts consulted by them, and not merely those intended to be called as witnesses, this fact may be a legitimate argument to change the provisions of Rule 410 c 2, but it constitutes no shield for the appellant to relieve it of its obligation to answer proper interrogatories.

We note the appellant cites no authority, in point, to support its position.

---

2. These general observations (which apply alike to the Federal Rules of Civil Procedure, 26 and 33, and our Rules 410 and 417) seem to be universally recognized by the decisional law and the text-writers upon the subject. The following are a few of the cases dealing generally with the discovery rules. Hickman v. Taylor, 329 U. S. 495; Hawk v. Wil-Mar, Inc., 210 Md. 364, 123 A. 2d 328; and Barnes v. Lednum, 197 Md. 398, 79 A. 2d 520; United States v. General Motors Corp., 2 F.R.D. 528 (D. C., N. D. Ill.). See also Rule 406 b.

3. For some of the problems that face lawyers and litigants who desire federal appellate review in this field, see 4 Moore, Federal Practice (2nd Ed.), § 26.37.

The interrogatory was, we think, proper. It will be noticed that the question specifically limits its inquiry to "the names and addresses of all persons who investigated the plaintiff's injuries and damages for you." We stated above that it conforms to number 11 of the suggested "Forms for Interrogatories," and the authority for its issuance is clearly encompassed within the terms of Rule 410 a (1) and a (3), supplemented by Rule 417. Courts, wherein the validity of this or similar questions have been contested, have sustained the same. *Buining v. The Transporter,* 171 F. Supp. 127, 133 (except for "work product" of attorneys), (D. C. D. Md. Thomsen, J.); *Brocata v. King,* Daily Record, June 29, 1956 (Niles, C. J.). Cf. *McCall v. Overseas Tankship Corp.,* 16 F. R. D. 467 (D. C. S. D. N. Y.); *Greeff v. A. H. Bull Steamship Co.,* Daily Record March 1, 1956 (Niles, C. J.). We hold that the interrogatory was a proper one.

### (b).

The appellant argues that this interrogatory is probably objectionable if addressed to an individual defendant, but is clearly so, when propounded to a corporation. It claims that the contention by a corporate defendant as to how an accident occurred and the facts which form the basis for its contention are gathered from many sources, arguing that such a contention results from the statement of facts supplied by the corporate agent who was in control of the instrumentality alleged to have caused plaintiff's injury, the statements of fact supplied by various witnesses, the statements of fact supplied by the corporation's investigators, and, ultimately, the review by corporate counsel of all these factors and a final determination, by him, as to how the accident occurred, based upon those facts which he accepts as true, thus, a forced disclosure of this contention would violate the rule relating to both "work-product and privilege."

With this argument, we are unable to agree. Rule 417 a provides that if interrogatories are served upon private corporations, the answers shall be made by an officer or agent of the corporation, "who shall furnish such information as is available to the party served." The question, we think, neither

impinges upon the letter nor the spirit of Rule 417 or Rule 410 (a) (1) and a (3). In 2 Barron & Holtzoff, *Federal Practice and Procedure* (Rules Ed.) p. 437, n. 88, the authors state: "One of the principal purposes of interrogatories is to ascertain the contentions of the adverse party." It will be noted that the question does not ask for the statements of any witnesses, nor the production of any reports; it asks only for a concise statement of facts of the corporate version of how the accident did occur. A reading of the short, simple forms of answers to questions of this nature,[4] proposed by the same author who composed the suggested "Forms of Interrogatories," should be convincing that the interrogatory is proper and an answer thereto is practical, without necessarily transgressing the rule relating to "work-product or privilege." Rule 410 a specifically excludes privileged matter from the scope of discovery; and Rule 410 d relates to writings that are ordinarily not discoverable. Hence, if by any chance, an answer to this question would have required a violation of work-product or privilege, the appellant, by showing such violation to the trial court, when the exceptions to the answers were heard, could have been fully protected by a proper order of that court under the provisions of Rule 410 a, c and d, and Rule 406. *Hazell v. Pennsylvania R. Co.*, 15 F. R. D. 282 (D. C. E. D. Pa.); *McNeice v. Oil Carriers Joint Venture*, 22 F. R. D. 14. We shall say more concerning this when considering interrogatory d.

Again, the appellant cites us no authority, in point, to support its position, and, again, courts, wherein this and similar questions have been contested, have sustained their propriety. *United States v. General Motors Corp.*, 2 F. R. D.

---

4. Suggested concise answers to interrogatory to plaintiff as to claimed negligence of defendant.

"(a) Defendant entered a boulevard in violation of a stop sign at the southwest corner of Fayette and Bond Streets.

"(b) Defendant violated a red traffic signal at Calvert and Baltimore Streets.

"(c) Defendant failed to observe plaintiff's stop signal and collided with the rear of plaintiff's vehicle." Wilhelm v. Serio, et al., Daily Record, December 28, 1956 (Niles, C. J.).

528 (D. C. N. D. Ill.); *Bell v. Novick Transfer* Co., 17 F. R. D. 279 (D. C. D. Md.); *Wilhelm v. Serio, et al.,* Daily Record, December 28, 1956, (Niles, C. J.). We hold the interrogatory was a proper one.

(c).

The appellant contends that an answer to this interrogatory, also, would necessarily invade privileged information and work-product matter; because the "contention of whether or not the plaintiff acted in such a manner as to cause or contribute to the occurrence is not one of fact but rather one of law and its determination lies in the office of counsel for the defendant."

The appellant cites us no authority, decisional or otherwise, and we have found none, which states that the interrogatory is an improper one. On the other hand, similar questions to the one being now considered, relating to contributory negligence or negligence, were held proper in *Buining v. The Transporter, supra,* (except for work-product of attorneys); *Forsythe v. B. & O. R.R. Co.,* 15 F. R. D. 191 (W. D. Pa.); and *McNeice v. Oil Carriers Joint Venture, supra.* See also *May v. B. & O. R.R. Co.,* 17 F. R. D. 288 (D. C., D. Md.), wherein Judge Thomsen aptly noted that: " '* * * A defendant is entitled to be informed as to what he will have to meet [at the trial].' So is a plaintiff." Of course, as indicated above, the trial court is in a position to protect the parties against requiring the divulgence of privileged information or work-product matter. The question was, we think, a proper one.

(d).

Appellant cites no authority in its argument objecting to this interrogatory. It claims the question is another attempt to "invade the privileged and work-product area," urging that the determination "of the contributory negligence of a person not a party to the action "lies with counsel, and the conclusion of the existence of such negligence, based upon facts, some of which (the appellant claims) are privileged and some of which are not, involves a question of law, the result of which is not discoverable under any theory. This contention has been an-

swered, in substantial part, by what we have said above; however we shall add, briefly, to what has already been said.

A very lucid expression concerning privileged communications between attorneys and clients is contained in the opinion of the early case of *Crosby v. Berger,* 11 Paige (N. Y.) 377, wherein it is said:

> "The appellant is under a mistake in supposing that an attorney or counselor is privileged from answering as to every thing which comes to his knowledge while he is acting as attorney or counsel. The privilege only extends to information derived from his client, as such; either by oral communications, or from books or papers shown to him by his client, or placed in his hands in his character of attorney or counsel. Information derived from other persons, or other sources, although such information is derived or obtained while acting as attorney or counsel, is not privileged. * * *. But the principle of the rule does not apply to the discovery of facts within the knowledge of the attorney or counsel, which were not communicated or confided to him by his client; although he became acquainted with such facts while engaged in his professional duty as the attorney or counsel of his client. * * *."

Cf. *Lanasa v. State,* 109 Md. 602, 71 A. 1058; *Chase's Case,* 1 Bl. 206; *Hickman v. Taylor, supra,* 329 U. S. 495; *Cold Metal Process Co. v. Aluminum Co. of America,* 7 F. R. D. 425 (N. D. Ohio). Thus, it readily can be seen that the "officer or agent" of the corporate defendant, by furnishing "such information as is available to the party served" in giving "a concise statement of the facts upon which [the defendant relies]," would not necessarily, as contended by the appellant, have been required to divulge privileged information or work-product matter. The "officer or agent" could not be required to disclose any information that was, in fact, privileged, by the explicit provisions of Rule 410 a. If an answer would have required a disclosure of work-product matter, the subject was covered by Rule 410 c and d and

Rule 406. Consequently, as we indicated under (b) above, if an answer would, in reality, have required a disclosure either of privileged information or nondiscoverable work-product matter, appellant could have been fully protected by proper objection made to the trial court. We hold that this, also, was a proper interrogatory.

The above answers all of the appellant's complaints concerning the validity of the interrogatories, but it maintains the trial court erred in several other rulings. When the trial court ordered appellant to answer the interrogatories, the appellant attempted, under the purported authority of Rule 819, to stay the operation of the court's order by offering to furnish bond,[5] which procedure the court refused to permit.

Rule 819 was formerly Code (1951), Article 5, Section 34, which applied to equity causes, alone. Only three prior cases relating to it have reached this Court, none of which is helpful to the decision here.

We do not think the contention deserves lengthy discussion. It is true that the wording of Rule 819 is general in its terms and does not, itself, place any limitation on the terms "any previous interlocutory order"; but it is equally true that statutes relating to the same subject matter will be construed, when possible, so as to harmonize with each other,[6] and not produce unreasonable or foolish results,[7] and the same rules

---

5. Rule 819 reads, in part, as follows:
"If a party intends, in the event of an appeal from a final judgment, to dispute any previous interlocutory order entered in the action, and upon the entry of such interlocutory order desires to stay the operation or execution thereof, he shall file with the clerk of the lower court a written statement of his intention to dispute such interlocutory order upon an appeal from the final judgment and shall give bond in such penalty as the lower court may prescribe * * *." The parties dispute whether Rule 819 applies to law actions, or is limited to equity causes. For the purposes of this case, we assume, without deciding, that it applies to both.

6. Reed v. President & Com'rs, Town of North East, 226 Md. 229, 172 A. 2d 536; Phillips v. Comptroller, 224 Md. 350, 167 A. 2d 913.

7. Maguire v. State, 192 Md. 615, 65 A. 2d 299; Height v. State, 225 Md. 251, 170 A. 2d 212.

of construction, we think, apply to the Maryland. Rules. If the construction of Rule 819, attributed to it by the appellant, be the true one, it is difficult to discover the purpose and usefulness of Rule 422 (naming sanctions that the trial courts may direct in order to force recalcitrant parties and their officers and agents to answer designated questions, etc.), which, in effect, would be rendered nugatory, if a party can flout the order of court directing him to answer certain questions and await the outcome of the appeal on a final judgment, by simply posting a bond. Moreover, such a construction would take away from the trial courts their time-honored power and authority to control, and to direct, the course of the proceedings in their respective courts, and place the same in the hands of the litigants. Such dire and drastic results were not contemplated in the adoption of Rule 819. We believe, as this Court stated in *Hallman v. Gross,* 190 Md. 563, 59 A. 2d 304, that:

> "* * * The purpose of the discovery was to find pertinent and material evidence, not privileged. No matter discovered in this process would be evidence unless it was pertinent and material and not privileged. If the chancellor in the trial of the case should rule on such matters, it is not conceivable that the party ruled against could stop the proceedings and take an appeal to this court. The matter would have to be raised on an appeal from the final decree."

It is not necessary for the purposes of this decision to designate which interlocutory orders are embraced within the rule and which are not, and we shall not attempt to do so, but we have no hesitation in holding that an order requiring a party to answer specified interrogatories is not; consequently, the trial court properly refused to set bond and stay the operation of its order.

Thereafter, the court entered a judgment by default against the defendant for its refusal to answer the interrogatories. This was done pursuant to Rule 422 c. When the judgment by default was extended by the court, without the aid of a jury (Rule 648), the defendant attempted to offer evidence

relative to its liability. This, of course, was improper, 2 Poe, *Pleading & Practice* (Tiff. Ed.), §§ 365, 367, 369, 372; however, the appellant contends that such action by the court denied it procedural due process of law.

The claim is without merit. Rule 422 c, as does Rule 37 (b) (2) of the Federal Rules of Civil Procedure, empowers the court, among other things, to enter a judgment by default against a party who refuses to answer interrogatories. Such authority, when properly exercised, has been held not to violate due process of law. *Hammond Packing Co. v. Arkansas,* 212 U. S. 322. If a party can refuse to answer and be defaulted, and still present a "meritorious" defense when the default judgment is extended, the party has suffered nothing by its refusal to answer, and Rule 422 c is meaningless. The later case of *Societe Internationale v. Rogers,* 357 U. S. 197, is easily distinguishable. In the case at bar, the defendant showed no "inability, despite good-faith efforts, to comply with a pretrial production order."

*Judgment affirmed, with costs.*