GUERRIERO ET AL. *v.* FRIENDLY FINANCE
CORPORATION

[No. 77, September Term, 1962.]

*Decided December 11, 1962.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Martin B. Greenfeld,* with whom were *Edward A. Greenstein* and *Greenfeld & Greenfeld* on the brief, for the appellants.

*Richard Paul Gilbert* and *David M. Blum* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The Friendly Finance Corporation, the appellee, obtained a judgment against Peter Guerriero, one of the appellants, in August 1957. In June 1960, Friendly filed a bill against Guerriero, his wife, his daughter and son-in-law, and two corporations, the other appellants, alleging the judgment was unpaid and Guerriero was ostensibly insolvent but that the other appellants held property of various kinds which had been fraudulently transferred to them by Guerriero and was held by them as his nominees. The prayers were that the chancellor declare that the appellants, other than Guerriero, held the property mentioned in the bill as his nominee and that it was subject to execution and satisfaction of Friendly's judgment against him.

The appellants answered, not under oath, denying the significant allegations of the bill. On July 26, 1960, Friendly filed a series of written interrogatories pertaining to the transfers alleged to be fraudulent and the holdings of the appellants, to be answered under oath. The interrogatories were not answered (although appellants claim they tendered answers to the clerk on February 23, 1961, and were rebuffed), and on February 16, 1961, Friendly moved for a decree *pro confesso*. The court, noting that appellants had failed to keep an agreement to file the answers by February 20, entered a decree *pro confesso* on its own initiative on February 21.

Appellants' counsel moved to strike the decree. The motion was denied and dismissed with prejudice. Subsequently, on an affidavit and testimony offered by Friendly, a final decree in its favor was entered on March 14, 1962. The decree held the real and personal property referred to in the bill to be subject to execution and sale in satisfaction of the judgment against Guerriero.

The appellants argue to us that (a) under Maryland Rule

675 a 1 the trial court must accept answers to interrogatories which are tendered within thirty days of the entry of a decree *pro confesso;* (b) the chancellor abused his discretion in refusing to strike the decree; and (c) assuming the trial court properly granted the decree *pro confesso,* it erred in entering a final decree.

There is little factual and no legal support for the first contention.

The interrogatories were filed on July 26, 1960. Friendly says that on August 25, 1960, its counsel advised the lawyer then representing the appellants (who is not the lawyer who argued on appeal) that the answers were overdue. Appellants' then counsel says he was under the impression he had answered, until on February 8, 1961, he received a letter from Friendly's lawyer requesting that the interrogatories be promptly answered so that the case could be tried. When no answers had been filed by February 16, Friendly filed a motion for a decree *pro confesso,* mailing a copy of the motion to appellants' lawyer. Apparently the same day that lawyer had written Friendly's lawyer, stating he would file answers in about a week. The next day appellants' lawyer telephoned Friendly's lawyer to request withdrawal of the motion for a decree *pro confesso.* The request was denied, but Friendly's lawyer did advise appellants' lawyer and the court that he would not press the motion if answers were filed by February 20. The answers were not filed; and on February 21, Judge Allen, who by then was fully familiar with the case, signed the decree, *sua sponte.*

On February 27, appellants' lawyer filed a petition to strike the decree *pro confesso* in which he alleged that "on February 23, 1961, your Petitioner attempted to file Answer to Interrogatories but was advised that this could not be done as a Decree Pro Confesso had already been signed. Your Petitioner did not learn of this by reason of being out of town until Friday, February 24th," (at the argument we were told he had attempted to file the answers with the clerk, who refused to accept them).

The petition was signed by the lawyer as petitioner, and he

personally made the affidavit as to the truth of its allegations. There is nothing in the docket entries of the case to indicate that the appellants tendered the answers to the clerk or that the clerk refused them. There is no suggestion that appellants' lawyer asked the court to require the acceptance of the answers. It is difficult to understand how the lawyer could have tendered the documents to the clerk for filing on the twenty-third and have been refused, if he did not, as he alleges in his petition, "learn of this" refusal until the next day because he had been out of town. He did not attach a copy of the answers to his petition to strike the interlocutory decree, filed on February 27, just four days after he says he attempted to file the answers, or proffer them to the court at the hearing on the petition. It is to be noted that the appellee has not to this day seen the answers, and that Maryland Rule 306 a 2 provides that the clerk shall not accept or file any pleading or other paper requiring service unless it is accompanied by an admission or proof of service of a copy thereof upon the opposite party or his attorney of record.

The trial judge could well have concluded that answers to interrogatories not only had never been filed but had never been attempted to be filed.

If it be assumed that the answers were tendered and refused, and that this was the equivalent of filing, appellants' first contention fails under the law. Maryland Rule 417 d provides:

> "If, after proper service of interrogatories upon a party, he fails to serve answers to them within the time allowed, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or any part thereof, or enter a judgment by default or decree *pro confesso* against that party."

This gives the trial judge discretion to enter a decree *pro confesso* if he deems it appropriate but does not make it mandatory.

Appellants admit they did not answer the interrogatories within the time allowed by the Discovery Rules and that in

its discretion the court could properly have entered the decree, but they say that Maryland Rule 675 a 1 requires the judge to accept the answers to interrogatories within thirty days of the entry of the decree *pro confesso* by virtue of its language that "a final decree may be entered at any time after the expiration of thirty days from the entry of the order of *pro confesso*, if an answer or other defense is not interposed * * *." Answers to interrogatories obviously are not an answer to a bill of complaint nor do they constitute "other defense."

Maryland Rule 675 a 3 provides:
> "At any time after a decree *pro confesso* shall have been entered, and before final decree, upon motion or upon its own initiative, the court may set aside the decree, and permit the filing of an answer or the interposing of other defense."

Assuming that the tender of the answers to the interrogatories could be construed to constitute interposition of "an answer" or "other defense," the provisions of Maryland Rule 675 a 3 negate the argument of the appellants that the court must accept such a pleading and that, upon its filing or tendering, the decree *pro confesso* must be stricken. The Rule in terms states that the court *may* set the interlocutory decree aside if it permits the interposing of a defense. The defense may be filed not by the unilateral act of one party filing or tendering it, but only with the court's permission.

Appellants concede that if they do not prevail on their first contention, the trial court's decision not to strike the decree *pro confesso* was a discretionary act but argue that this discretion is subject to review on appeal and to reversal if the discretion was abused. We deem it sufficient to say that, assuming an abuse of discretion would be reviewable, the record gives full support to the propriety of the refusal of Judge Cullen to strike the decree *pro confesso* which Judge Allen had entered. *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8. See also *Ferraro v. Arthur M. Rosenberg Co., Inc.,* 156 F. 2d 212 (2d Cir.); *Brookdale Mill, Inc. v. Rowley,* 218 F. 2d 728

(6th Cir.) ; *Draisner v. Liss Realty Co., Inc.,* 211 F. 2d 808 (D. C. Cir.), in which the Courts reached similar conclusions on analogous facts.

We think there was no error in the trial court's entering a final decree under Maryland Rule 675 b, which provides:

> "Where a bill shall sufficiently charge any matter as being within the private knowledge of the defendant and shall pray a discovery, on oath, as to such matter and a decree *pro confesso* shall have been entered, and the plaintiff shall satisfy the court, by affidavit, to be taken in open court and filed in the action, that such matter rests in the private knowledge of the defendant, and that there is reasonable ground for believing, prima facie, that such matter does exist, the court is authorized to make a final decree in the case, in the same manner as if such matter had been proved or admitted by answer."

The appellee filed a bill charging, in substance, that the matters and facts alleged therein were in the private knowledge of the appellants. After the decree *pro confesso* had been entered, Friendly satisfied the court by affidavit and by the testimony of one of its counsel as to earlier supplementary proceedings and confidential credit reports that Guerriero was worth some $150,000, was involved in the operation of numerous businesses, was the holder of various pieces of real estate, and that the residence in which he lived with his wife was titled in the names of his daughter and son-in-law. This in total was sufficient to gratify the requirements of the Rule and to justify the granting of the final decree.

*Decree affirmed, with costs.*