## PECK *v.* TORONTO, ET AL.

[No. 141, September Term, 1966.]

*Decided April 10, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Carlos H. Peck,* in proper person, for appellant.

No brief filed for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

The appellant, Peck, sued the appellees for "malicious prosecution, malicious arrest and false imprisonment" on May 20,

1965. On February 16, 1966, appellant's suit was dismissed with prejudice by Judge Bowie under Maryland Rule 414 a 2 ("If any party * * * refuses to answer any designated questions [on deposition] after an order of court to do so, the court in which the action is pending may make any of the orders authorized by Rule 422 * * *") and 422 ("If any party * * * refuses to obey an order requiring him to answer designated questions * * * the court may make such orders in regard to the refusal as are just, and among others the following: c. * * * an order * * * dismissing the action or any part thereof, or rendering a judgment by default or decree *pro confesso* against the disobedient party").

Peck contends that he was denied "by continued tactics that resulted in hardship, oppression and undue expense his lawful right to present his case [on the merits] before a fair and impartial judge who had no previous knowledge of parties involved in the case."

A mere recital of the course of the case chronologically arranged shows the insubstantiality and lack of merit of appellant's claims. On September 25, 1965, Peck failed to appear for the taking of his deposition by the appellees at a time and place of which he had due and timely notice. On October 28 following, appellees' motion to dismiss the case was denied by Judge Bowie when Peck promised thereafter to appear and give his deposition, after the court had advised him of the purpose and nature of a deposition and of his obligation to answer questions after noting an objection (for future action by the court) to any he thought improper. A new notice of a deposition to be held November 16 was sent to Peck, who, on November 12 filed a motion under Rule 406 for an order "to protect the party * * * from hardship or oppression or undue expense." The motion was denied the same day by Judge Bowie and the deposition was reset for December 11. On November 16 Judge Bowie denied Peck's motion to set aside his order of November 12. On December 10 Peck filed a motion for the appellees to show cause why he should appear and give his deposition. He failed to appear on December 11, as he had agreed to do.

Appellees filed another motion to dismiss the proceeding.

Judge Powers denied the motion, after repeating the explanation as to a deposition that Judge Bowie had made, and telling Peck he would be given "one more chance." Judge Powers also alleviated one of Peck's objections—that of going to Montgomery County to give his deposition—by ordering that the testimony be taken in Prince George's County.

The deposition was then set for January 29. Peck appeared but refused to answer a number of pertinent and material questions. On February 16, after a hearing which Judge Loveless previously had ordered, Judge Bowie dismissed the case with prejudice.

The rules and the precedents established by *Baltimore Transit Co. v. Mezzanotti*, 227 Md. 8; *Guerriero v. Friendly Finance Corporation*, 230 Md. 217; and *Miller v. Talbott*, 239 Md. 382, lead us to the opinion that Judge Bowie had the power to take the action he did and that under the circumstances he did not abuse his discretion in exercising the power. We may add that the appellant's claim that he had been deprived of his right to a full and impartial trial on the merits because most of his hearings were before a judge who knew the appellees and was not impartial, seem to be based only on the fact that Judge Bowie had presided at a trial in 1963 at which one of the appellees was a witness. In addition, the reason Peck considered various rulings wrong and oppressive seems to have been that they were rulings with which he did not agree. A reading of the record brings the clear impression that Peck was the author of his own misfortune because he was unceasingly determined to have the case tried only in the way he thought it should be tried—in open court with his side presented first by an array of witnesses—and not according to the rules. Generally wilful disobedience to established rules brings punishment and we see no reason why the present instance should be an exception or why the punishment of dismissal of the case was not warranted.

*Judgment affirmed, with costs.*