## PAPPALARDO, ET UX. *v.* LLOYD, ET AL.

[No. 222, September Term, 1967.]

*Decided May 28, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SINGLEY, JJ.

*Harvey B. Steinberg,* with whom were *Paul H. Mannes* and *Stephen R. Pagenhardt,* on the brief, for appellants.

*William A. Ehrmantraut,* with whom were *Edward C. Donahue, John J. Mitchell* and *James P. Gleason,* on the brief, for Allan S. Lloyd, M.D., one of appellees; *Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson, H. Algire McFaul, William T. Wood* and *Simpson & Simpson,* on the brief, for Suburban Hospital Association, Inc., other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from dismissal of a malpractice suit in the Circuit Court for Montgomery County against a doctor and a hospital for failure of the plaintiffs Angelo Pappalardo and Grace, his wife, to depose as ordered. On March 6, 1966, a deposition notice was given the plaintiffs for April 6. Defendants were advised that the husband was in the foreign service in Greece and the wife in the hospital in Boston, and it was agreed that upon her discharge from the hospital she would depose. However, on June 6 plaintiffs' counsel wrote defendants' counsel that the wife was going to Greece on June 10 directly from Boston and could not return to Washington so that the deposition would have to await her return from overseas. The case was scheduled for trial on December 14, 1966. Plaintiffs sought a year's delay to a time when they would be in this country. Defendants moved to require plaintiffs to submit to depositions or have their case dismissed. Plaintiffs' request for delay in trial and defendants' motion as to dismissal were argued together. Judge Anderson, on January 4, 1967, ordered that the case stand dismissed on April 1, 1967, if the plaintiffs failed to submit to depositions in Montgomery County on or before that date or, in the alternative, if they failed to appear in the American Embassy in Athens prior to that date, that they deposit $2,000 as security for payment of costs including the cost of taking the depositions in Greece.

On March 27 plaintiffs filed a suggestion of removal, and an order removing the case to Garrett County was signed on April 3, 1967. Plaintiffs moved the Circuit Court for Garrett

County on April 19 to modify the order of January 4, by extending the time within which depositions could be taken to August 1, 1967. A supporting affidavit recited that plaintiffs had been unable to comply with the order of January 4 "and seek relief * * * from this Court, since they are scheduled to return to the country at the end of June and will then be available for depositions taken in the ordinary manner," and it also said:

> "detailed interrogatories and answers thereto have been filed [on November 9, 1966]. Plaintiffs have given defendants authorizations to obtain all applicable medical records, and defendants have substantial records of their own. There is no reason why defendants cannot proceed with depositions of other individuals involved, the names of whom have all been disclosed in the answers to the interrogatories. When plaintiffs return to this country in June of this year, trial preparations will be that much further along.
>
> "Plaintiffs have incurred substantial medical expense * * *. To burden them with a Grecian trip for counsel would be grossly unfair, and counsel is advised and represents to the Court that the plaintiffs cannot afford this expense."

Judge Hamill granted the motion ex parte on April 19, amending the order of January 4 by setting aside the dismissal of the cause on April 1, 1967, and by extending the time for depositions to August 1, 1967.

After defendants on May 9 had filed a motion opposing the modification of the order of January 4, Judge Hamill heard the parties and finding indications of "certain irregularities and improper notices on the record of this case" remanded the case to Montgomery County for clarifying determinations. The Circuit Court for Montgomery County found no irregularities or improper notices and on June 28 sent the case back to Garrett County.

Plaintiffs' counsel on July 12 notified counsel for defendants that the plaintiffs would be available for depositions in Montgomery County on July 17, 18, 19, and 20 and that if no date were otherwise agreed upon plaintiffs would appear on July

17, 1967, at four o'clock in the afternoon at the office of counsel for one of the defendants in Rockville. Plaintiffs and their lawyer did so appear on July 17 but counsel for the defendants refused to take their depositions.

On July 19 Judge Hamill ordered that "it appearing that the plaintiffs herein did not appear for the taking of their depositions on or before April 1, 1967, * * * this case stands dismissed, with prejudice, nunc pro tunc, as of April 1, 1967," and "that the Order of this Court * * * [of April 19], amending and setting aside the Order * * * of January 4, 1967, be, and the same is hereby declared to be null, void and of no effect." The plaintiffs appeal from this last order.

The parties have spent much effort in arguing respectively that the order of January 4, requiring the deposit of $2,000 as security for costs if the plaintiffs' deposition was not taken in Montgomery County by April 1 was unreasonable and invalid, and that it was reasonable and valid. We see no need to decide this point. It is clear that the trial court may exercise its sound discretion to dismiss a case for unwarranted refusal to depose. *Peck v. Toronto*, 246 Md. 268. We assume for the purpose of decision only, that the order of January 4 was proper and legal and, although both the Circuit Court for Montgomery County and the Circuit Court for Garrett County treated the case as extant and viable after April 1, we shall assume further, again for the purpose of decision, that in legal actuality the case stood dismissed as of April 1. Under Maryland Rule 625 the court "for a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period" has revisory power and control over a judgment. On April 19, within the thirty days of April 1, the day the case stood dismissed on our assumption, Judge Hamill set aside the dismissal and extended the time for the taking of depositions to August 1, 1967. Before August 1 plaintiffs appeared for the giving of their depositions. Under these circumstances and in the absence of any showing, indeed of any claim, of prejudice to the defendants, we think Judge Hamill abused his discretion in dismissing the case on July 19 nunc pro tunc to April 1. His order giving the plaintiffs until August 1 was in full force

and effect when the plaintiffs in apparent good faith and under reasonable conditions as to time and place offered to depose. The dismissal should not have been ordered.

*Order reversed and case remanded for further proceedings, costs to abide the result.*