MASON ET AL. *v.* WOLFING ET AL.

[No. 300, September Term, 1971.]

*Decided April 4, 1972.*

The cause was submitted on brief to HAMMOND, C. J., and FINAN, SINGLEY, SMITH and DIGGES, JJ.

Submitted by *Donald J. May* for appellants.

No brief filed on behalf of appellees.

DIGGES, J., delivered the opinion of the Court.

This suit was filed in the Circuit Court for Baltimore County by appellees, Mr. and Mrs. Harold F. Wolfing, against the appellants, Albert E. Mason, his wife Margaret, and their real estate brokerage firm, Al Mason, Inc. They claim there was vast damage to the heating and plumbing systems in the house they purchased from the Masons which fact was fraudulently concealed from them prior to consummation of the sale. The case was dismissed without being tried on its merits.

Appellees filed a "Motion for Sanctions" asking that judgment by default be recorded against the Masons (Maryland Rules 414 a 2, 417 d and 422) for failure to fully answer the interrogatories propounded to them under Rule 417 and for failure to allow their depositions to be taken as authorized by Rule 401. On September 1, 1971, Judge Raine granted this motion and directed that a default judgment be entered against the appellants. A few days later the judge, in a letter to the Masons' newly appointed attorney, explained his reasons for imposing sanctions:

> "On March 3, 1971 a notice to take the deposition of the defendant on April 20th was filed, the case being set for trial on June 8th. On March 25th Mason wrote a letter acknowledging the trial date of June 8th, but he did not appear for the deposition on April 20th, and he failed to respond to a suggestion of plaintiff's counsel that an ultimate date be set for the deposition. This suggestion was made in a letter of April 1st. A motion for judgment by default was thereafter filed and Judge Menchine required an answer by May 15th. No answer was

filed. Judge Menchine further ordered that an answer be filed to supplemental interrogatories by June 30th and this order was not complied with. Failure to attend the deposition, failure to answer the motion for judgment by default and failure to answer the supplemental interrogatories seem to be a sufficient and reasonable basis for entering judgment by default, which was done, and nothing in your letter of September 13th seems sufficient to set aside the default judgment.

It is to be regretted when an individual is deprived of a trial on the merits of the case, but this occurs when an individual allows himself to be unrepresented by counsel and tries to conduct his case by mail from out of state."

In this State, a trial judge has a large measure of discretion in applying sanctions for failure to adhere to the discovery rules. Even when the ultimate penalty of dismissing the case or entering a default judgment is invoked, it cannot be disturbed on appeal without a clear showing that this discretion was abused. *Lynch v. R. E. Tull & Sons, Inc.*, 251 Md. 260, 247 A. 2d 286 (1968); *Pappalardo v. Lloyd*, 250 Md. 121, 124, 242 A. 2d 145 (1968); *Pfeiffer v. State Farm*, 247 Md. 56, 230 A. 2d 87 (1967); *Peck v. Toronto*, 246 Md. 268, 228 A. 2d 252 (1967), *cert. denied*, 389 U. S. 868; *Miller v. Talbott*, 239 Md. 382, 211 A. 2d 741 (1965); *Guerriero v. Friendly Finance*, 230 Md. 217, 186 A. 2d 881 (1962); *Baltimore Transit v. Mezzanotti*, 227 Md. 8, 20, 21, 174 A. 2d 768 (1961). Here, even if we accept the Masons' assertion that they had fully answered, though late, all pending interrogatories by June 30, 1971, we would still be hard put to find justification for determining that Judge Raine abused his discretion in ruling as he did.

However, it is unnecessary to discuss this point since we conclude the judgment against the Masons must never-

theless be vacated. This is true because its entry was based on the mistaken belief that the Wolfings' motion to impose sanctions had not, prior to September 1, already been acted upon. But as may be seen from an inspection of the docket entries that motion was considered by Judge Maguire, who ruled on June 30, 1971: "Plaintiffs' motion Moot because of the lapse of time. Plaintiffs' motion overruled." With this ruling there remained no pending motion or other pretrial matters to be determined by the trial court. Therefore, the default judgment recorded by direction of Judge Raine on September 1, due to appellants' failure to comply with the discovery rules, was inadvertently entered. This inadvertence undoubtedly resulted from the fact that while the docket entries reflected the June 30 ruling, the enumerated memoranda on the jacket, containing the papers in this case, did not. Since the memoranda recorded on the jacket cover is supposedly a duplicate of the information set out on the docket and Judge Raine had before him on September 1 only the jacket, it is readily apparent how he happened to act as he did without regard to Judge Maguire's June 30 ruling.

In any event, Judge Maguire's order overruling the Wolfings' motion for imposition of sanctions effectively wiped the slate clean of prior defaults. And since there is no suggestion that appellees initiated further discovery proceedings after June 30, it was error to grant the default judgment against the Masons. By this decision, however, we do not mean to indicate that the slate has become so cleansed that the pre-June 30 defaults cannot be taken into consideration if the trial court should once again be asked to impose sanctions for failure to comply with any discovery proceedings which may be initiated after remand.

For the reasons stated the default judgment must be vacated. However, since it is apparent that the Masons did not promptly comply with the discovery rules, and are therefore to a large extent responsible for the in-

advertent entry of the judgment, we will require that the costs of this appeal be paid by them. Rule 882 a.

> *Judgment by default entered on September 1, 1971 vacated and case remanded for further proceedings. Costs to be paid by appellants.*