## GERALDINE WILLIAMS *v.* JOHN F. WILLIAMS

[No. 1268, September Term, 1975.]

*Decided September 16, 1976.*

The cause was argued before MOYLAN, MOORE and MASON, JJ.

*Irwin B. Lipman* for appellant.

*Joel I. Hoffman* for appellee.

MOORE, J., delivered the opinion of the Court.

The issue for decision on this appeal is whether the Chancellor erred in dismissing with prejudice a wife's bill of complaint in a matrimonial cause, pursuant to Md. Rule 422, because of her failure to depose. Upon the facts of record, we find an abuse of discretion and, therefore, we reverse the decree from which the appeal was taken.

## I

On July 22, 1975, Geraldine Williams, plaintiff-appellant, filed a bill of complaint for a divorce *a vinculo matrimonii* against John F. Williams, then a resident of Burke, Virginia, in the Circuit Court for Anne Arundel County on grounds of desertion and abandonment and adultery. On October 31, 1975, the court passed a pretrial order [1] setting a trial date for November 24, 1975, and containing, *inter alia*, the following provision:

> "Discovery under the Maryland Rules will not be permitted after November 15, 1975. All discovery shall have been completed by that date."

The order also noted that the husband's answer to the bill of complaint conceded that he had abandoned his wife, and that she was a fit and proper person to receive custody of the children.[2]

On November 24 counsel for the husband moved to dismiss the wife's bill under the provisions of Md. Rule 422

---

1. Maryland Rule 504, "Pre-Trial Conference," provides in subsection (c):

   "The court may make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order may thereafter be modified, either before or during the trial, as justice may require."

2. Paragraph 6 of the pre-trial order recited:

   "The parties estimate that 1 day will be needed for the trial of this cause. Priority problem (s): 2 other cases are set for the same day. Earliest filed case has priority. Right-of-way cases may intervene (none scheduled at this time).

b.3.[3] on the grounds that he had been unable to secure her deposition concerning certain property issues relative to the divorce notwithstanding the fact that it had been scheduled three times. The record reveals, however, that the first scheduled date, August 29, 1975, was postponed by agreement at the request of her attorney. The second date, October 7, 1975, was continued at the request of the husband's attorney. The third date, November 10, 1975, was preceded by a settlement conference on November 7 — attended by Geraldine but not John — and it appeared that the negotiations were meeting with some success. At all events, both counsel agreed to continue Geraldine's deposition until November 17, 1975, and, under date of November 12, 1975, John's counsel wrote to the trial judge, stating in part:

> "Additionally after a meeting with Mr. Lipman, we have agreed to postpone the plaintiff's deposition until November 17, 1975.
>
> Your pre-trial limits discovery to November 15, 1975. If it will be required, I would appreciate your amending your order to accommodate this date inasmuch as the original deposition date was scheduled for November 10th but the November 17th date appears to be more convenient for all parties. If there are any problems with any of the matters set forth above, I would appreciate your letting me know."

At about that juncture, Geraldine notified her attorney that she desired representation by other counsel. Her

---

3. "If any party or an officer or managing agent of a party or a person designated under section a 2(b) of Rule 405 (Designation of Person to Testify) fails to obey an order requiring him to provide or permit discovery, the court may make such orders in regard to the failure as are just, and among others the following. . . ."

"An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default or decree pro confesso against the disobedient party."

As noted, *infra*, this Rule was not applicable. The motion should have been filed pursuant to Rule 422 c.

counsel advised John's of this development and that her new counsel would undoubtedly desire to be heard as to the time and place of her deposition. On November 17, John's counsel moved to continue the trial, referring to Geraldine's decision to engage another attorney and that he wished to take her deposition before trial. Geraldine's lawyer, who was in fact never replaced, did not appear in court on November 21, the date of the hearing on the motion for continuance, but notified the court that he did not oppose the motion.

There is no transcript of the November 21 proceeding.[4] However, the motion to dismiss, filed on November 24, included the following assertions:

"4. That on November 21, 1975 the Honorable Judge W. Harvey Beardmore instructed the defendant to file this Motion to Dismiss [pursuant to Rule 422].

"5. That although defendant would prefer to continue this matter for a reasonable length of time, with instructions to the plaintiff to appear at a deposition scheduled for a day certain, defendant hereby complies with the request of the court and files this Motion to Dismiss."

It was also represented in the motion that the husband had been caused to expend $150 in counsel fees and compensation in that amount was requested.

Geraldine, her original counsel and her witnesses were present in court on November 24, 1975, the trial date specified in the pretrial order — and the date on which the motion to dismiss was filed. (Geraldine's counsel did not receive a copy of the motion until he appeared in the courtroom.) A partial transcript of the proceedings on November 24, 1975, appended to appellant's reply brief, is as follows:

"COURT: Well, I'm willing to consider this, I'm willing to refer it to the Master if both parties

---

4. The parties stipulated that transcripts of the several court proceedings were not required to be made part of the record on appeal.

consent to it. *Otherwise I'm inclined to dismiss it with prejudice.*

MR. LIPMAN [Geraldine's counsel]: Well, frankly, Your Honor, I think the Master could probably handle it. I hope that the other side will agree.

COURT: What's your position, Mr. Hoffman?

MR. HOFFMAN [John's counsel]: If the court please, I would prefer the court to hear this matter; and I don't think I can accede to that.

COURT: All right then. The court has considered this matter and bears in mind *that its pretrial order bore a cutoff date for discovery of November 15, 1975.* Previous dates — and there were no exceptions for that. It explicitly stated so in the pretrial order, notwithstanding the parties agreed to a deposition of the Plaintiff on November 17th and the court can't understand why, but apparently it was because Plaintiff was contemplating new counsel. Well, if that's the case, then the genesis for this problem arises from the Plaintiff's standpoint not from the Defendant's standpoint. *The Plaintiff has known since the date of the pretrial order, which was October 31, 1975 that this matter was set explictly for November 24, 1975 at ten a.m. and counsel were informed at that time that the court was going to hold to that schedule.*

*Now the court's schedule has been disrupted by the failure of this case to go forward, to be prepared at the time, and the court has instructed counsel for the Defendant to invoke Rule 422 of the Maryland Rules. It finds that the Plaintiff did not appear at the deposition as scheduled, and, therefore, the court is going to dismiss the action with prejudice."* [5] (Emphasis added.)

---

5. Appellant moved for reargument and reconsideration on Dec. 4, 1975. After a hearing in open court on Dec. 17, 1975, the motion was denied.

Appellee's counsel had submitted an Order of Dismissal with the motion. The Chancellor signed that Order and added the words "with prejudice" by interlineation, so that the Order read, "[T]he above referenced action is dismissed with prejudice. ..." Payment of $150 counsel fees by Geraldine was also ordered.

On this appeal, Geraldine assails the Chancellor's Order of Dismissal on five separate grounds. While we find it unnecessary to discuss each of them, we agree with her pervasive thesis that the Order appealed from was improper and must be reversed.

## II

First, we observe that the husband's motion to dismiss incorrectly cited Md. Rule 422 b.3. as its authority. Rule 422 b. is entitled "Failure to Comply With Order for Discovery." Here, no *discovery* order had been entered.[6] *See Evans v. Howard,* 256 Md. 155, 259 A. 2d 528 (1969). The applicable rule was Rule 422 c., bearing the title, "Failure of Party to Attend or Serve Answers to Interrogatories or Respond to Request for Inspection." Rule 422 c.1. is designated "Motion — Grounds for — Order" and provides in pertinent part:

"If a party . . . fails to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to failure as are just, and among others it may take any action authorized under subsections 1. [Matter Taken as Established], 2. [Prohibiting Claims, Defenses or Evidence] and 3. [Striking Pleadings — Stay — Dismissal — Judgment by Default] of Section b. of this Rule."[7]

---

6. The pretrial Order establishing a deadline for the completion of discovery was not an Order pursuant to the discovery rules.

7. Rule 422 c. thus supersedes former Rule 414 a.2. which authorized the imposition of penalties, including dismissal, "if any party . . . wilfully fails to appear . . . [for] his deposition." Rule 422 c.2. provides that if the "failure to act was without substantial justification" the court may require the party failing to act or his attorney or both, to pay the reasonable expenses, including attorney's fees, caused by the failure "unless it finds that other circumstances make an award of expenses unjust."

It is well settled that the application of such sanctions as are provided in Rule 422 is within the sound discretion of the trial court. *Evans v. Howard, supra; Tydings v. Allied Painting & Decorating Co.,* 13 Md. App. 433, 283 A. 2d 635 (1971). As stated by Judge Digges for the Court of Appeals in *Mason v. Wolfing,* 265 Md. 234, 236, 238 A. 2d 880 (1972):

> "In this State, a trial judge has a large measure of discretion in applying sanctions for failure to adhere to the discovery rules. Even when the ultimate penalty of dismissing the case or entering a default judgment is invoked, it cannot be disturbed on appeal without a clear showing that this discretion was abused."

As for the circumstances where the "ultimate penalty" may properly be imposed, Chief Judge Hammond observed in *Lynch v. R. E. Tull & Sons, Inc.,* 251 Md. 260, 261, 247 A. 2d 286 (1968):

> "There have been suggestions that this ultimate sanction usually will be invoked only where the failure is wilful or contumacious [citing cases], but the power of the court to act is not thus limited and there may be other occasions when this *gravest sanction* can properly be invoked." (Emphasis added.)

Examination of leading Maryland cases involving discovery, where an action was dismissed or a default judgment or decree *pro confesso* was entered, reveals that in each instance the party against whom this "gravest sanction" was imposed had been guilty of conduct markedly different from that present here. For example:

> In *Pfeiffer v. State Farm Mutual Automobile Insurance Co.,* 247 Md. 56, 230 A. 2d 87 (1967), a suit for damages resulting from the insurer's denial of coverage under an automobile liability insurance policy, plaintiff repeatedly answered defendant's interrogatories tardily and in an insufficient and evasive manner. Defendant's exceptions to the

answers were twice sustained. The trial court informed plaintiff that his cause would be dismissed if he did not submit adequate answers within fifteen days. When he did not do so, a *non pros* was entered in favor of the defendants, with costs, including a counsel fee of $50.

On appeal, the Court of Appeals held that the sanctions were properly imposed, *sua sponte*, but affirmed in part and reversed in part, finding the non pros proper as to three counts of the declaration but improper as to two other counts and remanded the case for a limited trial.

In the leading case of *Guerriero v. Friendly Finance Corp.*, 230 Md. 217, 186 A. 2d 881 (1962), the corporate plaintiff, the holder of a judgment, sought relief in equity to have certain transactions set aside as fraudulent. In July, 1960, it filed interrogatories. After more than six months passed and no answers were made it moved on February 16, 1961 for a decree *pro confesso* which was entered five days later.

In *Miller v. Talbott*, 239 Md. 382, 211 A. 2d 741 (1965), after defendant did not answer plaintiff's interrogatories in a suit for specific performance, plaintiff moved for a decree *pro confesso*. The Chancellor ordered defendant to show cause why the decree should not issue. When the defendant did not do so, the decree issued. As stated there by Judge Barnes:

> "Under the circumstances here, when defendants or counsel for the defendants had every opportunity to answer the five interrogatories propounded to them; where the court granted an additional period of time in which to show cause why a decree *pro confesso* should not be granted, rather than summarily entering such a decree — we can only conclude — assuming abuse of discretion to be the

applicable test — that no abuse of discretion was shown in entering the decree *pro confesso.* . . ." 239 Md. at 388.

The Court of Appeals nevertheless reversed and remanded, holding that the subsequent refusal of the Chancellor to "hear evidence on and to determine the merits of, the defendants' proffered defenses constituted an abuse of discretion given by Maryland Rule 675 a.3. . . ." *Id.* at 390.

In *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 174 A. 2d 768 (1961) the corporate defendant refused to answer four of plaintiff's interrogatories on the ground that they were improper. It continued this refusal even after having been directed by the court to answer. Upon motion of the plaintiff, the court awarded judgment by default, pursuant to former Rule 417 d., now Rule 422 c. The judgment was affirmed.

In *Peck v. Toronto,* 246 Md. 268, 228 A. 2d 252 (1967) appellant's suit in proper person was dismissed pursuant to then Maryland Rule 414 a.2. (superceded in 1973 by present Rule 422 c.) for refusal to depose after an order of court to do so. In affirming the dismissal, Chief Judge Hammond gave a chronological recital of the course of the case:

"On September 25, 1965, Peck failed to appear for the taking of his deposition by the appellees at a time and place of which he had due and timely notice. On October 28 following, appellees' motion to dismiss the case was denied by Judge Bowie when Peck promised thereafter to appear and give his deposition, after the court had advised him of the purpose and nature of a deposition and of his obligation to answer questions after noting an objection (for future action by the court) to any he thought improper. A new notice of a deposition

to be held November 16 was sent to Peck, who, on November 12 filed a motion under Rule 406 for an order 'to protect the party * * * from hardship or oppression or undue expense.' The motion was denied the same day by Judge Bowie and the deposition was reset for December 11. On November 16 Judge Bowie denied Peck's motion to set aside his order of November 12. On December 10 Peck filed a motion for the appellees to show cause why he should appear and give his deposition. He failed to appear on December 11, as he had agreed to do.

Appellees filed another motion to dismiss the proceeding. Judge Powers denied the motion, after repeating the explanation as to a deposition that Judge Bowie had made, and telling Peck he would be given 'one more chance.' Judge Powers also alleviated one of Peck's objections — that of going to Montgomery County to give his deposition — by ordering that the testimony be taken in Prince George's County.

"The deposition was then set for January 29. Peck appeared but refused to answer a number of pertinent and material questions. On February 16, after a hearing which Judge Loveless previously had ordered, Judge Bowie dismissed the case with prejudice."

Finally, in *Kipness v. McManus*, 14 Md. App. 362, 286 A. 2d 829 (1972) the opinion of this Court discloses that before a judgment of *non pros* was granted as to an individual plaintiff (there being also a corporate use-plaintiff) the deposition of the individual had been noted for August 28, September 25 and November 25, that a court stenographer was present and ready to proceed in each instance and that on each occasion the plaintiff declined or refused

to attend. Prior to the last occasion, his attorney had been advised that an appropriate motion would be filed if the client failed to appear. The court thereafter entered an Order on December 2 that the individual plaintiff show cause on or before December 17 why judgment of *non pros* should not be entered against him. He failed to do so. The judgment of *non pros* was then granted and this Court affirmed.

In virtually every case where the ultimate sanction has been imposed, such action has been taken in the presence of contumacious or dilatory conduct on the part of the plaintiff or when the noncomplying party had disobeyed a direct order of the court to depose, or to show cause, to answer interrogatories, or to respond to his opponent's motion for dismissal or default judgment. While the Court of Appeals has held that dismissal or default may be imposed even where a party's failure to comply with a discovery order is neither wilful nor contumacious, *Lynch v. R. E. Tull & Sons, Inc.,* 251 Md. 260, 247 A. 2d 286 (1968), *supra,* its ground there for affirming such action by the trial court was principally that appellant had not provided a transcript and "[t]hat which is before us does not permit us to find an abuse of discretion in Judge Shure's actions." 251 Md. at 262.

The instant record is complete enough to permit us to find an abuse of discretion here. We base our decision on the following grounds:

1) There was no record of delay or contumacious conduct on the part of the plaintiff. She was not herself involved in the earlier postponements of her deposition. Rather, they were dictated by the convenience of her counsel who maintained offices in Silver Spring, Montgomery County, and her husband's counsel whose office was located in Washington, D. C. Apparently, as an accommodation to each attorney, she had agreed that her deposition be taken in Silver Spring and

the record is barren of any evidence of unwillingness on her part to be deposed there at any time. There is simply no indication of any "unwarranted refusal to depose." *Pappalardo v. Lloyd*, 250 Md. 121, 124, 242 A. 2d 145 (1968).

2) There was no indication of any prejudice to the husband. Indeed his counsel was seeking a continuance [8] rather than a dismissal — until the court itself directed him to invoke the penalty provisions of Rule 422.

3) When the husband's counsel filed the motion to dismiss, obedient to the direction of the court, no adequate notice of the motion was afforded the wife, whose counsel received service of the motion as he entered the courtroom before the motion was granted on the day of trial.

4) The case does not appear to involve any substantial property. The trial itself could have proceeded on the morning of November 24, the trial date specified in the pretrial Order, on the merits of the wife's grounds for divorce *a vinculo* and the matter of custody — on which there was no serious issue. If then found necessary, a court deposition of the wife could have been taken and the trial resumed on the issues of alimony and child support. Obviously, if this was not feasible, the case could have been continued for subsequent hearing on the financial aspects and division of any personal property. (We note in this connection that the wife had previously provided the husband's counsel with a complete financial statement and that the wife's notice to take the husband's deposition had been withdrawn.)

5) A dismissal of the wife's bill of complaint, had it been without prejudice, would have been serious enough in its consequences because she had only

---

8. Unquestionably, the continuance should have been requested by the wife's counsel, a responsibility which continued notwithstanding his client's lately found interest to replace him.

with some special effort obtained personal service upon the husband in Maryland, he being a resident of Virginia. Dismissal "with prejudice" would be devastating in its effect — requiring the wife to pursue her husband in Virginia or, as we are told in the husband's brief, to defend a matrimonial action by him in Virginia.

6) The imposition of a $150 counsel fee upon the plaintiff alone [9] seems unreasonable in the case of a wife who, as here, was of limited means and who had previously found it necessary to execute a pauper's affidavit and to pursue her husband in the District of Columbia under the Uniform Reciprocal Enforcement of Support Act.

We note finally that while the Chancellor referred to the cutoff date for discovery set forth in its pretrial Order, his action in the dismissal of this case with prejudice was pursuant to Rule 422 only and was not based upon the provisions of Maryland Rule 504, *supra,* relating to pretrial Orders. In this connection we observe that Rule 504 makes no provision for dismissal of actions for non-compliance with pretrial Orders [10] and, while such authority may be within the inherent power of the court, *Link v. Wabash Railroad Co.,* 370 U. S. 626 (1962), its exercise in the instant appeal would have been an abuse of discretion for the reasons previously stated.

> *Order of dismissal vacated; case remanded for further proceedings not inconsistent with this opinion; costs to be paid by appellee.*

---

**9.** As previously noted, Rule 422 c.2. authorizes the court to require the party failing to act or his attorney or both to pay reasonable expenses, including attorney's fees.

**10.** Maryland Rule 504 was modeled on Federal Rules of Civil Procedure, Rule 16. In federal practice, Rule 41 b. designated "Involuntary Dismissal" is authority for dismissal with prejudice for failure to comply with the provisions of Rule 16 pertaining to pretrial Orders. It has been repeatedly held, however, that dismissal under Rule 41 b. is a "harsh sanction" and should be resorted to only in "extreme cases." Richman v. General Motors Corp., 437 F. 2d 196, 199 (1st Cir. 1971); Annot: "Dismissal for Failure To Prosecute," 20 ALR Fed. 488 (1974).