## HUESTER *v.* CLEMENTS

[No. 143, September Term, 1968.]

*Decided March 10, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Leonard H. Lockhart,* with whom were *Baker & Lockhart, Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellant.

*William B. Evans,* with whom was *A. Parks Rasin, Jr.,* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

The appellant, Beatrice K. Huester, appeals from a judgment on the verdict of a jury in her favor, in the Circuit Court for Kent County, against B. Frank Clements, appellee, in the amount of $80.00 and from a judgment against her in favor of B. Frank Clements, on his counterclaim, in the amount of $15,-859.55.

Since the testimony before the trial court as to what took place between the parties was divergent, the following is an attempt at a fair summary of the facts.

In the spring of 1966, probably sometime in March, B. Frank Clements was searching for a location for a sawmill in Cecil County, Maryland. He met Jesse L. Brooks, a logger, who suggested that Clements contact Charles M. Huester, an attorney and husband of the appellant. Clements, accompanied by Brooks, went to see Mr. Huester and told him of his search for a possible sawmill location. Clements testified that it was at this time that he considered Mr. Huester to be his lawyer and that an attorney-client relationship came into being. However, Mr. Huester testified that he felt he was at that time acting solely in his capacity as Chairman of the Economic Development Commission of Cecil County.

This issue of attorney-client relationship was raised at the trial below. Judge Rasin, who heard testimony out of the presence of the jury, ruled that the attorney-client relationship arose between Huester and Clements at the time of their first meeting. The correctness of this ruling is one of the issues appellant raises on this appeal.

Mr. Huester showed Clements several possible sites before showing him a farm which was owned by his wife, Beatrice Huester, the appellant. The property owned by Mrs. Huester was suitable to Clements' needs and he entered into an oral agreement with Mr. Huester for the use of the land. While the length of the oral lease is in dispute we do know that Clements was to pay $200.00 per month for the use of an undetermined portion of Mrs. Huester's land.

At considerable expense Clements moved his machinery and equipment onto Mrs. Huester's farm during late spring of 1966, and gradually got his sawmill operation underway. In late June or early July surveyors for the State Roads Commission came onto the land and put out stakes for a by-pass. There was testimony that the center line of the right-of-way for the by-pass was staked out in January of 1966, but there is a conflict as to whether or not those stakes were visibly present when Clements first visited the farm.

On September 19, 1966, the State Roads Commission sought to acquire the Huester property for road construction purposes and condemned approximately 62 acres, on which the major portion of Clements' sawmill operation was located. The Commission paid $51,400.00 into court which amount was withdrawn by Mrs. Huester on September 25, 1966. Clements stayed on the land at the sufferance of the Commission shifting his operations back and forth to accommodate the road construction which began in October, 1966. Clements paid the monthly rental of $200.00 per month to Mrs. Huester from May, 1966 to September, 1966, when the Commission actually took possession of the land. Clements remained on the land until April of 1967, when he decided to move his equipment to Caroline County. However, while in the process of doing so, his equipment was seized under an absconding debtor's attachment filed by Mr. Huester, as agent for Mrs. Huester for nonpayment of rent.

The attachment was quashed at a hearing in the Circuit Court for Cecil County, issue was joined, and a counterclaim was filed by Clements alleging damages of $25,000.00 as a result of expenses incurred in moving the sawmill onto Mrs. Huester's land, in reliance upon the statements and promises made by Mr. Huester and subsequent expenses incurred in removing the saw-

mill. The case was ultimately removed to the Circuit Court for Kent County. At the conclusion of the appellant's case her counsel made a motion for a directed verdict which was denied by the court.

The facts of this case, as well as the theory of the law presented by both parties, are ambiguous. For a better understanding we think it helpful to repeat a summation made by Judge Rasin when he denied the appellant's motion for a directed verdict:

> "* * * It's all very vague, I warrant you, but I think there's enough in the case to go to the jury and it's going to be up to you respective gentlemen to try to convince the jury what the contract was and if they find that it was merely a month to month contract, why in my opinion, they aren't entitled to any damages. If they find, on the other hand, that you did have an agreement with this man to provide him a place for ten years, if they believe that he relied on that and if they believe that it costs all this money to set up and to take down, why then I think they can allow him damages. But I think it's totally a jury question in a verbal contract of this nature so for that reason I think the case ought to go to the jury on both sides. So we'll deny your motion."

As we stated at the outset, the jury returned a verdict of $80.00 in favor of Mrs. Huester for unpaid rent and a judgment for $15,859.55 against Mrs. Huester and in favor of Mr. Clements on the latter's counterclaim for expenses incurred in setting up, taking down and relocating the sawmill.

This Court has seldom seen a case offering more opportunity for preservation on appeal of issues of substantive law, than presented here. The appellant's challenge to the appellee's counterclaim should have been made by way of pleadings. Once issues had been joined and the matter had proceeded to trial there were further lost opportunities. Although the appellant's counsel took exception to the lower court's overruling his motion for a directed verdict at the conclusion of the case, this motion was in effect withdrawn by the appellant's action in introducing fur-

ther testimony and thereafter failing to reoffer the motion for a directed verdict. Maryland Rule 552 b. Furthermore, the appellant made no offer of any proposed instructions to be incorporated by the court in its instructions to the jury; and finally the issues which the appellant now wishes to have determined on appeal were never raised in the court below.

It is against this background that we review the following issues presented by appellant's counsel on appeal, who, we may add, did not participate in the case below:

(1) Could the appellee B. Frank Clements, as tenant, sue Beatrice K. Huester, as landlord, in a separate action at law for alleged damages sustained as a result of eminent domain proceedings filed by the State Roads Commission? We note that the record does not disclose that this question was ever raised in the court below and under Maryland Rule 885 it may not now be properly considered by this Court.

(2) Was B. Frank Clements barred by the doctrines of waiver and estoppel from bringing his action against the appellant? As above, this argument also was not raised in the court below and fails here under Maryland Rule 885.

(3) Was it error for the lower court to submit to the jury the issue of the existence of a ten year lease? The appellant in the lower court did not raise any objection to the court's instruction to the jury on this point and thus the grounds for its objection do not conform with Maryland Rule 554 d and 554 e which state that the grounds for objections must be distinctly stated.

(4) Did B. Frank Clements prove damages properly recoverable in an action at law under his counterclaim? Again, this issue was not raised in the lower court and for the reasons stated in numbers (1) and (2) above it may not properly be raised here. Maryland Rule 885.

(5) Is the appellant, Beatrice K. Huester, entitled to recover rental to May 1967? The trial court instructed the jury that as a matter of law the State was entitled to the possession of the lands occupied by Clements after September 19, 1966, and that Mrs. Huester was only entitled to rent until that date. The appellant failed to object to that instruction when it was made and may not now question it. Maryland Rule 554 d and 554 e.

(6) Did the trial court commit prejudicial error in its ruling that an attorney-client relationship existed between Charles M. Huester and B. Frank Clements? This is the only issue which the appellant raises which we think merits consideration.

Here again, with regard to this sixth assignment of error, the record fails to disclose any timely objection taken to the lower court's ruling on the existence of an attorney-client relationship between Mr. Huester and Clements. However, since the record is somewhat confusing and the appellant places such store by her contention that this ruling of the court prejudiced her entire case, we think it best to allay her apprehensions.

At the outset,, to state the obvious, the record reveals that despite Judge Rasin's ruling as to the existence of the attorney-client relationship and attendant privilege of confidential communication, Mr. Huester was permitted to testify at length on most of the facts concerning his negotiations with Mr. Clements, and he was given the opportunity to cross-examine Mr. Clements on every facet of their negotiations from the time they first saw each other until the levying of the attachment. If anyone was prejudiced by this course of action it was Mr. Clements.

We think Judge Rasin was correct in finding that an attorney-client relationship existed, and since this question arose in connection with the admissibility of evidence, it was proper for the court, as a matter of law, to make this determination. 20 Am. Jur., § 253. Once the relationship of attorney and client was established, a fortiori, the communication was confidential, and inadmissible in evidence.[1] Tillinghast v. Lamp, 168 Md. 34, 176 A. 629 (1935). 97 C.J.S., Witnesses, § 276 (1957). Furthermore, regardless of the propriety of the court's ruling, and we think it correct, it was not prejudicial to the appellant.

The appellant, Mrs. Huester, like any other litigant was free to choose any attorney to represent her. She chose her husband. He knew, or should have known, that by serving as her counsel he was circumscribing himself, insofar as his freedom of

---

1. There are certain exceptions to this "confidential communications" rule, as between attorney and client which, from the facts of this case, we do not find apposite. 97 C.J.S., Witnesses, § 276. See also Baltimore Transit Co. v. Mezzanotti, 227 Md. 8, 174 A.2d 768 (1961), Jones on Evidence, Vol. 3, sec. 832, at 1562.

action in representing her was concerned. He should have known that in advising litigation, there might be elements of the transaction, which formed the subject of the litigation, to which he could not properly testify because of his attorney-client relationship with Clements.

One cannot read the record in this case from beginning to end without calling to mind the admonition of Justice Holmes, that "Law is secreted in the interstices of procedure."

*Judgment affirmed, appellant to pay costs.*