RONALD M. KELCH ET UX. *v.* MASS TRANSIT
ADMINISTRATION ET AL.

[No. 57, September Term, 1979.]

*Decided February 26, 1980.*

*Motion for reconsideration filed March 27, 1980; denied April 1, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ▐ORTH, COLE and DAVIDSON, JJ.

*Harry Goldman, Jr.,* with whom was *Norman Hochberg* on the brief, for appellants.

*Patrick A. O'Doherty* for appellees.

DIGGES, J., delivered the opinion of the Court.

Presently before us is the question whether, in affirming the judgment entered in the Superior Court of Baltimore City in favor of the defendants in this motor vehicle

negligence action, the Court of Special Appeals misapplied Maryland Rule 400 d pertaining to pretrial discovery? Rule 400 d, central to the resolution of this query, in full reads:

d. *Trial Preparation Materials.*

Subject to the provisions of sections e (Party's or Witness' Own Statement) and f (Information From Experts Who Are Expected to Testify at Trial) of this Rule, a party may not obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) except upon a showing that

(i) the materials are otherwise discoverable under section c of this Rule,[1] and

(ii) the party seeking discovery has substantial need of the materials in the preparation of his case, and

(iii) he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In ordering discovery of such materials when the

1. Rule 400 c sets out the general scope of discovery:

c. *Scope of Discovery — In General.*

Unless otherwise ordered by the court parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,

(i) whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and

(ii) including the existence, description, nature, custody, condition and location of any books, documents or other tangible things, and

(iii) including any information of the witness or party, however obtained, as to the identity and location of persons having knowledge of any discoverable matter, and

(iv) whether or not any of such matters is already known to or otherwise obtainable by the party seeking discovery, and

(v) whether or not the information will be inadmissible at the trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

The roots of the current dispute are enmeshed in this litigation that was spawned in the wake of a bus-motorcycle collision occurring on the morning of September 18, 1974, at the intersection of Pulaski and Ramsey Streets in Baltimore City. The petitioners, cyclist Ronald M. Kelch and his wife, the plaintiffs in the trial court, sought by way of pretrial discovery procedures to obtain from the respondent-defendants, Mass Transit Administration and its bus operator, George Frank Malloy, access to several reports and documents pertaining to the accident that the Kelchs asserted were compiled by employees of the bus company. When the defendants ignored these document production demands, the plaintiffs filed in the trial court a Rule 422 "Motion for Order Compelling Discovery." This motion requested that the trial court require the defendants to produce for inspection, among other items not pertinent here, all reports made by bus driver Malloy (including any witness and passenger lists) pertaining to the accident, as well as the ME 18 and ME 15 reports allegedly prepared by the bus company's dispatcher at the accident scene which customarily records the bus driver's version of how the collision occurred. The two defendants answered this motion by asserting: "That the request for production as framed is too broad and is beyond the scope of relevant inquiry in the case and it seeks to obtain privileged information." At the ensuing hearing on this pretrial motion no party produced any evidence; nevertheless, without more, the judge, following an extensive colloquy, partly between counsel and partly among counsel and the court, principally pertaining to the dispatcher's ME 18 report, concluded that the defendants had gathered the information contained in the requested documents in anticipation of litigation within the meaning of Rule 400 d and denied the Rule 422 compulsion

motion. At the jury trial on the merits approximately two weeks later the presiding judge declined to alter the ruling made by his colleague when a similar production motion was made during the course of that trial. However, just moments following this latter ruling the defendants' attorney turned over to his adversary the ME 18 dispatcher's report and offered petitioner's counsel an opportunity to view any existing bus driver reports. In addition, with a significance which we explain later, respondent's counsel disclaimed the existence of a ME 15 report or any other report prepared by the dispatcher.

On appeal a majority of the panel, composed of judges Morton, Melvin and Liss, in reviewing the matter for the Court of Special Appeals agreed with the pre-trial motion judge's statement that

> "[t]he critical point is that the purpose of making the report, the purpose of giving this data, the purpose of collecting the data, is to supply it to the liability carrier whose only possible interest in obtaining such information is in anticipation of litigation. [Rule 400 d] very clearly says that such information, such documents prepared by a party, his attorney, his assured, his agent and so forth and so on is not discoverable unless you meet the several criteria establishing a substantial need."
> [*Kelch v. Mass Transit Adm.,* 42 Md. App. 291, 303, 400 A.2d 440, 447 (1979).]

Accordingly, the intermediate appellate court, after finding no reversible error on the other issues presented to it, affirmed the trial court's judgment. On the other hand, Judge Melvin rejected the majority's analysis, since he found that the record was barren of evidence relating to the reason or reasons the demanded documents were prepared. He nonetheless concurred in the result since he further concluded the erroneous ruling by the trial court was rendered harmless by the defendants' attorney's action in

turning over the dispatcher's ME 18 report to the plaintiffs' attorney during the course of the trial. Judge Melvin wrote:

> I agree that *if* there had been evidence before the hearing judge that the documents sought by the plaintiff were "prepared in anticipation of litigation or for trial," it could not be said that the hearing judge abused his discretion in denying the plaintiffs' motion to compel discovery. The difficulty I have with agreeing that there was no error in denying the motion is that at the hearing there was *no evidence* presented by either side concerning the *purpose* of preparing the documents sought to be discovered. Absent such evidence I am at a loss to understand how the judge could conclude, *in vacuo,* [what the purpose of making the reports was]. [*Id.* at 305-06, 400 A.2d at 449 (footnote omitted).]

We agree with the view expressed implicitly by Judge Melvin that whether a document or other tangible thing was "prepared in anticipation of litigation or for trial" within the contemplation of Rule 400 d is essentially a question of fact, which, if in dispute, is to be determined by the trial judge following an evidentiary hearing. In resolving this factual controversy, as in most inquiries of this nature, presumptions and burdens concerning production of proof usually play an important role in, and indeed are sometimes determinative of, any such quarrels that may surface. Inherent in the discovery rules pertinent here are, in our view, the following aids. When under an appropriate Maryland Rule a party demands of another discovery of a document or other tangible thing, the adversary, even though resisting the demand, should nonetheless be required to specifically answer whether it has in its possession or under its control such an item or items. Depending upon the answer to this initial inquiry, when a Rule 422 [2] compulsion motion is being considered by the court, the following obligations with respect to proof exist:

---

**2.** Rule 422 by its terms pertains to discovery under Rule 417 (Discovery by Interrogatories to Party) and Rule 419 (Discovery of Documents and Property).

(a) In the event the motion respondent answers that it has no knowledge as to the existence of such demanded item, or that, while it knows of the item's existence, it is neither within its possession nor control, the burden is on the demanding party to factually show to the contrary by a preponderance of the evidence;

(b) if the responding party, however, while acknowledging either possession or control of the demanded item, says it is not discoverable by virtue of Rule 400 d's exception provision that the item was "prepared in anticipation of litigation or for trial" (or for any other proper reason), the burden is upon the responding party to substantiate its non-discovery assertion by a preponderance of the evidence; and

(c) if, on the other hand, the demanding party, while recognizing that the requested item was "prepared in anticipation of litigation or for trial" by his adversary, claims discovery under the exception authorized in Rule 400 d (i) (ii) and (iii) the burden of so establishing by a preponderance of the evidence rests on the exception claimant.

Before analyzing the effect of what we have just said with respect to proof as it pertains to the issue presented in the present case, it may be helpful if we remind the reader that among the basic objectives in providing for discovery is "to require disclosure of facts by a party litigant to all of his adversaries, and thereby to eliminate, as far as possible, the necessity of any party to litigation going to trial in a confused or muddled state of mind, concerning the facts that give rise to the litigation." *Klein v. Weiss,* 284 Md. 36, 55, 395 A.2d 126, 137 (1978). Further, "[i]n order to accomplish the above purposes, the discovery rules are to be liberally construed. And the trial judges, who are primarily called upon to administer said rules, are vested with reasonable, sound discretion in applying them, which discretion will not be disturbed in the absence of a showing of its abuse."

*Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 13-14, 174 A.2d 768, 771 (1961) (footnote omitted). See *Williams v. Moran, Etc.,* 248 Md. 279, 291, 236 A.2d 274, 281 (1967).[3]

Reverting to the facts of this case and the effect of the proof presumption earlier set out, as it pertains to the principal documents which are at the base of the petitioners' claim of error — the dispatcher's ME 15 and ME 18 reports — we conclude that although not in the definitive form suggested, the record does disclose that the defendants denied the existence of an ME 15, but did acknowledge the possession of an ME 18 report which had been prepared by the dispatcher. Under these circumstances, and with no evidence to contravene the assertion concerning a second dispatcher's report,[4] the plaintiffs failed to meet their responsibility to show that any report in fact existed. At the same time the defendants acknowledged possessing a dispatcher's ME 18 report, but by not producing any evidence on the point, they failed to meet their responsibility of showing that it was a document "prepared in anticipation of litigation or for trial." Consequently, while properly ruling with regard to the discovery of the ME 15 report, the trial judges were in error when they did not direct production of the ME 18 report.

Our determination that the trial judges should have permitted discovery of the ME 18 report does not require consideration of remedial action by this Court. This conclusion follows because we agree with Judge Melvin's statement in his concurring opinion that this error was rendered harmless when during the course of the trial the

---

3. We mention in this regard that since suit was docketed in this case on October 4, 1974, and the request for discovery was not undertaken until approximately two weeks before the trial three and one-half years later, had the motion's judge denied the discovery request because of failure to act with reasonable dispatch it is quite unlikely that such a ruling would constitute an abuse of discretion. Mason v. Wolfing, 265 Md. 234, 236, 288 A.2d 880, 881 (1972).

4. Appellants contend that there was evidence establishing the existence of this disputed report in the form of an affidavit of counsel which was attached to the Rule 422 motion. However, it does not appear from the record that this affidavit was ever offered into evidence. Even if it had been so received, it is doubtful that the affidavit would have had, in this context, any probative value.

document was furnished to the plaintiffs' attorney to be used in cross-examining the dispatcher.

The principal functions to be served in providing for pretrial discovery of documents are (i) to acquire accurate and useful information with respect to testimony which is likely to be presented by an opponent, (ii) to obtain information which appears reasonably calculated to lead to the discovery of admissible evidence, and (iii) to use as an aid in cross-examining the opponent's witnesses. Here, probably because depositions were taken and answers to interrogatories obtained providing the desired information, the appellants make no claim that the dispatcher's report, except to a very limited degree, would have aided any of these just enumerated purposes. Their sole contention, in this regard, is confined to an assertion that they were deprived of the opportunity to affirmatively state, in their opening remarks to the jury, that the defendant bus driver had told the dispatcher the bus was moving at the moment of impact. While not denigrating the importance of a clear, succinct opening statement concerning what the plaintiffs expected to prove, we believe it would be straining credulity to conclude that the absence of a reference to this expected proof in any way affected the jury's verdict in this case. This is particularly obvious in light of the extensive use by plaintiffs' counsel of the document in cross-examination of the dispatcher when he testified as a witness for the defendants.

The appellants' demand also included reports allegedly made by the bus driver. Although not as clear as with respect to the ME 18 report, we think it fair to conclude that the respondents did acknowledge the existence of some such documents. Similarly, as with the ME 18 report, the respondents did not prove that the reports were made "in anticipation of litigation or for trial," but since they did offer to permit the appellants an opportunity to view such documents as they had, the error in not compelling their production was also rendered harmless.

Although we disagree with the anlaysis made by the majority for the Court of Special Appeals and conclude that

the trial court's error was rendered harmless by subsequent events, we affirm the judgment of that court.

> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be paid by the petitioners.*