Fred **AMOAKOHENE** and Adu **Opoku**, Plaintiffs,

v.

Michael **BOBKO**, et al., Defendants.

No. 91 C 689.

United States District Court, N.D. Illinois, E.D.

June 10, 1992.

Edward Garnet Fay, Daniel E. Murphy, O'Brien, Hanrahan, Wojcik & Fay, Chicago, Ill., for plaintiffs.

Linda A. Wawzenski, U.S. Atty's. Office, Chicago, Ill., for defendants.

## ORDER

ALESIA, District Judge.

Before the court is the motion of plaintiffs, Fred Amoakohene and Adu Opoku (collectively "plaintiffs"), to reconsider this court's order of July 23, 1991 dismissing Count I, dismissing defendant City of Chicago ("the City") from Count II and substituting the United States as a defendant in Count II for the individual defendants. On or about August 15, 1991, this court referred plaintiffs' motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Magistrate Judge Bobrick. On March 25, 1992, the Magistrate Judge issued his report, recommending that plaintiffs' motion be granted. Subsequently, timely objections to the report were filed by the City, and by Michael Bobko ("Bobko"), Thomas Kinsella ("Kinsella"), Andrew Abbott ("Abbott") and John Zandy ("Zandy") (collectively "the federal defendants"). Plaintiffs did not file a response.

After reviewing the parties' underlying briefs, the Magistrate Judge's report, and the defendants' objections, we sustain the City's objections and sustain the federal defendants' objections. Specifically, we agree with our earlier ruling and dismiss Count I for lack of subject matter jurisdiction, dismiss defendant City from Count II, and substitute the United States as a defendant in Count II for the individual defendants. Consequently, we reject the Magistrate Judge's recommendation.

### A. PROCEDURAL HISTORY

Before addressing defendants' objections, a brief discussion of the procedural posture of this case is in order. Plaintiffs bring this action against defendants Bobko, Kinsella, Abbott, Zandy, and the City because of incidents which allegedly occurred on or about October 9, 1990, at Union Station in Chicago, Illinois. Plaintiffs' second

amended complaint consists of three counts. In Count I, plaintiffs assert claims for violation of their Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") against Bobko, Kinsella and Abbott. In Count II, plaintiffs assert claims against all defendants for false arrest and false imprisonment. Finally, in Count III plaintiffs bring an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against Bobko, Kinsella, Abbott and Zandy.

On July 23, 1991, the federal defendants filed a motion with supporting memorandum of law, to dismiss Count I and to substitute the United States as defendant in Count II for the individual defendants. The gist of the federal defendants argument regarding the dismissal of Count I for lack of subject matter jurisdiction was that no viable cause of action under Section 1983 existed because no state actors were involved. In support, the federal defendants relied on the Task Force Agreement entered into by the Drug Enforcement Administration ("DEA") and the Chicago Police Department ("CPD") in which experienced CPD narcotics officers were assigned to the joint task force. According to the federal defendants' logic, because Bobko, Kinsella and Abbott were members of the joint task force, under the direct supervision and control of DEA supervisory personnel, they were federal actors at the time of the incident alleged in the complaint.

On July 23, 1991, this court ruled from the bench that the federal defendants' motion was well-founded because the defendants were acting as federal actors according to the terms of the Task Force Agreement. As a result, we issued a minute order dismissing Count I for lack of subject

matter jurisdiction and substituting the United States as a defendant in Count II for the individual defendants. In our view, Section 1983 was inapplicable because no state actors were involved. At this same hearing, we granted the City's oral motion to dismiss them as a party defendant in Count II.[1] Thereafter, plaintiffs filed a motion to reconsider our order of July 23, 1991. This motion was the basis of the referral to Magistrate Judge Bobrick. Against this background, we briefly address the objections of the federal defendants and the City.

## B. THE FEDERAL DEFENDANTS' OBJECTIONS

First, the federal defendants assert that the report fails to adequately address the issue of the substitution of the United States as defendant in Count II. We agree. The Magistrate Judge's analysis of this issue is relegated to a footnote. Apparently, the Magistrate Judge declined to address this argument because the parties attached materials outside the pleadings which in his view were more appropriately resolved at the summary judgment stage or trial.

■ In order to ensure a clear record we now set forth our reasons for granting the federal defendants' motion to substitute the United States as a defendant for the individual defendants in Count II. In their brief, the federal defendants argued that as deputized DEA agents at the time of the arrest they were employees of the United States for purposes of any action brought under the Federal Tort Claims Act, 5 U.S.C. § 3374(c)(2),[2] which incorporates the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Act"). *See* 28 U.S.C. § 2679(b)(1). Under the express terms of the Act, upon certification by the Attorney

---

1. We note for the record that the City answered plaintiffs' second amended complaint on July 1, 1991. Therefore, on the court's own motion, we grant the City leave to withdraw its answer and affirmative defense to the second amended complaint *nunc pro tunc* to July 23, 1991, which is the date the City's oral motion to dismiss was granted.

2. Section 3374(c) provides, in pertinent part, that: "During the period of assignment, a State or local government employee on detail to a Federal agency— ... (2) is deemed an employee of the agency for the purpose of ... the Federal Tort Claims Act and any other Federal tort liability statute...." 5 U.S.C. § 3374(c)(2).

General that the defendant was acting within the scope of his employment at the time of the incident out of which the claim arose, the action is deemed one against the United States and the United States shall be substituted as a party defendant. 28 U.S.C. § 2679(d)(1). Therefore, in support of their motion to dismiss and substitute, the federal defendants attached the certification of Thomas P. Walsh, Chief of the Civil Division, who has the delegated authority pursuant to 28 C.F.R. § 15.3(a), to certify that Bobko, Kinsella, Abbott and Zandy were acting within the scope of their federal employment at the time of the incidents alleged in the complaint. Based on the foregoing, we conclude that the United States must be substituted as defendant in Count II for the individual defendants.

■ Though plaintiffs did not file a response to the federal defendants' objections, we have considered the arguments raised in their underlying brief in support of their Rule 59(e) motion. We are not persuaded by plaintiffs' argument that because they were arrested for violating a municipal ordinance, CPD arrest reports were completed, and they were placed in CPD cells, the individual defendants were not acting within the scope of their federal employment. This position wholly ignores the terms of the Task Force Agreement. Under the Task Force Agreement, the individual defendants were performing duties regarding the detection of illegal narcotics activity in the Chicago area by, among other things, engaging in traditional methods of investigation in order to effectively prosecute criminal conduct in the United States' courts and the courts of Illinois. We agree with the federal defendants that an arrest for a municipal code violation incident to activities in connection with the joint task force, does not convert defendants' status to that of state actors. As a result, we sustain the federal defendants' first objection.

■ For their second objection, the federal defendants challenge the Magistrate Judge's conclusion that plaintiffs stated a viable Section 1983 claim against them. This objection is closely related to the first. Essentially, the federal defendants contend that simply because plaintiffs were arrested for disorderly conduct this action does not automatically convert the defendant officers into state actors operating under color of state law. As previously discussed in this opinion, the purpose of the joint task force was to stymie drug trafficking. In order to effectuate the goals of the joint task force it makes logical sense that the officers would target locations such as train stations. Thus, when the plaintiffs were stopped by the defendants at Union Station, this activity was conducted as a result of the federal mission of these officers. In our view, these officers were acting as federal agents because their activities were conducted as part of a federal investigation. *See, e.g., Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir.1989), *cert. denied*, 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990); *Askew v. Bloemker*, 548 F.2d 673, 677–78 (7th Cir.1976).

Equally important, it is legally inconsistent to allow simultaneous claims for violations of Section 1983 and *Bivens* against the same defendants. The defendant officers are either state actors or federal actors—they cannot be both. We find that they are federal actors. Accordingly, we sustain the federal defendants' second objection. Count I was properly dismissed for lack of subject matter jurisdiction.[3]

## C. THE CITY'S OBJECTIONS

■ For its first line of attack, the City argues that the Magistrate Judge failed to adequately address the loaned servant doctrine. The City contends that a loaned servant relationship existed among defendants Bobko, Kinsella and Abbott and the United States by virtue of the written agreement entered into by the DEA and CPD. According to the City, because these officers were under the direct supervision and control of DEA supervisory personnel, they were acting as agents of the United States, not the City, at the time of the

---

**3.** On a related note, we deny the federal defendants' motion to dismiss Count II without prejudice to its renewal at an appropriate time and with a supporting memorandum of law.

incident giving rise to this lawsuit. In the City's view, the Magistrate Judge placed excessive emphasis on the City's admission that Bobko, Kinsella and Abbott were on the City's payroll for the time in question. We agree.

█ Paragraph 7 of the Task Force Agreement unequivocally provides that, "the CPD will remain responsible for establishing the salary and benefits, including overtime, of the 39 officers assigned to the Task Force...." Clearly, the City was complying with its obligation under the Task Force Agreement. Payment of wages alone, will not defeat the finding of a loaned servant relationship. *See, e.g., A.J. Johnson Paving Co. v. Industrial Comm.,* 82 Ill.2d 341, 45 Ill.Dec. 126, 412 N.E.2d 477, 481 (1980); *Haight v. Aldridge Elec. Co., Inc.,* 215 Ill.App.3d 353, 159 Ill. Dec. 14, 575 N.E.2d 243, 252 (1991). In fact, after careful consideration of the unambiguous terms of the Task Force Agreement, we conclude that a loaned servant relationship did exist among Bobko, Kinsella, Abbott and the United States. We sustain the City's objection on this point.

As its second avenue of attack, the City argues that the Magistrate Judge erroneously concluded that this court substituted the United States for the City as party defendant in Count II. (Report and Recommendation, p. 2.) On July 23, 1991, this court granted the federal defendants' motion to substitute the United States for the individual defendants pursuant to 28 U.S.C. § 2679(d)(1). In other words, the United States was substituted for the individual defendants, not the City. Accordingly, we sustain the City's objection on this point.

### D. CONCLUSION

For the reasons stated more fully in this opinion, we reject the Magistrate Judge's Report and Recommendation dated March 25, 1992, and deny plaintiffs' motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).