667 A.2d 917

**Randy W. BLADES, Sr.**

v.

**Edward V. WOODS.**

**No. 464, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Nov. 29, 1995.

Michael Marshall (Schlachman, Belsky & Weiner, P.A., on the brief) Baltimore, for appellant.

William R. Phelan, Jr., Principal Counsel (Otho M. Thompson, Deputy City Solicitor, on the brief) Baltimore, for appellee.

Argued before CATHELL and MURPHY, JJ., and PAUL E. ALPERT, Judge (retired), specially assigned.

MURPHY, Judge.

Randy W. Blades, Sr., appellant, is a white Baltimore City police officer who, at the conclusion of a police department

trial board hearing, was transferred and demoted by Police Commissioner Edward V. Woods, appellee. In the Circuit Court for Baltimore City, appellant filed a complaint in which he combined a § 1983 action with a petition for judicial review. That pleading alleged in pertinent part:

> The sole reason for the disparate treatment of Sergeant Blades is his race, thereby violating the equal protection clause of the Fourteenth Amendment to the United States Constitution.

In order to support his "disparate treatment" claim, appellant sought to compel discovery of what discipline had been imposed on other officers in similar cases. Appellant's motion to compel was overruled, appellee's motion for summary judgment was granted, and we affirmed that judgment.[1] Our decision has been reversed. *Blades v. Woods,* 338 Md. 475, 659 A.2d 872 (1995). The Court of Appeals has concluded that appellant's § 1983 claim is not barred by res judicata and has mandated that we resolve "the issue of whether Blades's motion to compel was properly overruled."

Appellee contends that appellant's motion to compel was properly denied because (1) appellee is an agent of the State of Maryland who therefore enjoys absolute immunity from a § 1983 action, and (2) appellant's discovery request was properly denied because it (a) was overbroad and oppressive and (b) sought discovery of privileged information. There is no merit in either of these contentions. Appellant is entitled to additional discovery in support of his § 1983 claim.

## I

### Immunity

Appellee contends that, as an agent of the State of Maryland, he is immune from any actions brought under 42

---

1. We held that, because the "disparate treatment" contention had necessarily been resolved against appellant when the circuit court decided his administrative appeal in appellee's favor, the § 1983 claim was barred by res judicata.

U.S.C. § 1983. According to appellee, the Baltimore City Police Department is an arm of the State; therefore, he is a State official and not a "person" under § 1983. It is true that a § 1983 suit against the State is barred because a State is not a "person." *See Will v. Michigan Dept of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

In *Will,* the United States Supreme Court ruled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and, consequently, cannot be held liable for claims under § 1983. *Id.* at 71, 109 S.Ct. at 2312. The holding in *Will,* however, applies only to State or government entities that are considered " 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70, 109 S.Ct. at 2312 (citations omitted). We must determine whether the Baltimore City Police Commissioner is a State agent.

In *Clea v. Baltimore,* 312 Md. 662, 541 A.2d 1303 (1988), the Court of Appeals held that, for purposes of respondeat superior tort liability, the Baltimore City Police Department is a state agency. *Id.* at 669, 541 A.2d 1303. Appellee contends that this conclusion should also apply to actions brought under § 1983. We disagree.

In *Clea* the Court of Appeals, looking to current federal law, anticipated the issue that is now before us:

We are aware, of course, that the General Assembly's designation of the Baltimore City Police Department as a state agency would not be controlling for all purposes. For example, with regard to federal law liability under 42 U.S.C. § 1983, the state law classification of the Baltimore City Police Department would not be decisive, and the Baltimore City Police Department might well be regarded as a local government agency.

*Id.* at 670 n. 5, 541 A.2d 1303 (citations omitted).

Whether officials of the Baltimore City Police Department can be held liable under § 1983 is an issue that arises frequently in federal court. The Mayor and City Council of Baltimore recently argued that it cannot be held liable for policies of the Baltimore City Police Department because the

department is an agency of the State of Maryland. *Wiley v. Mayor and City Council of Baltimore,* 48 F.3d 773 (4th Cir.1995). Although the United States Court of Appeals for the Fourth Circuit decided that it did not need to address the merits of that argument, it did indicate its approval of cases decided in the United States District Court for the District of Maryland, including *Hector v. Weglein,* 558 F.Supp. 194 (D.Md.1982), in which Chief Judge Kaufman held

> ... that the *Commissioner* and the City cannot escape liability under § 1983 on Eleventh Amendment grounds. The *Commissioner* and the Department are sufficiently city-connected so as not to be entitled to the claimed Eleventh Amendment protection.

*Id.* at 199 (emphasis added). We agree with Chief Judge Kaufman's analysis and hold that appellee is not entitled to absolute immunity from appellant's § 1983 action.

## II

### Discovery

#### A. Answers to Interrogatories

Appellee objected to and refused to answer appellant's interrogatories nos. 1, 2, 3, and 7. Interrogatory No. 1 requested identification of any internal department investigations alleging sexual harassment, abuse, or misconduct by any department employee. Interrogatory No. 2 requested identification of any alleged improper action between a male and female employee. Interrogatory No. 3 requested the facts and circumstances relating to any internal investigation or allegation of sexual abuse, misconduct, or harassment by certain named officers. Interrogatory No. 7 requested an explanation of any aggravating or mitigating circumstances the department relied on in disciplining any officers identified in the preceding interrogatories.

Generally, "a party may obtain discovery regarding any matter, not privileged ... if the matter sought is relevant to the subject matter involved in the action." Maryland Rule

2–402(a). The discovery rules are broad and comprehensive, and should be liberally construed. *Androutsos v. Fairfax Hospital,* 323 Md. 634, 638, 594 A.2d 574 (1991); *Kelch v. Mass Transit Admin.,* 287 Md. 223, 229, 411 A.2d 449 (1980); *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 13, 174 A.2d 768 (1961). Liberal discovery is encouraged. *Barnes v. Lednum,* 197 Md. 398, 406–407, 79 A.2d 520 (1951); *Shenk v. Berger,* 86 Md.App. 498, 502, 587 A.2d 551 (1991); *Hadid v. Alexander,* 55 Md.App. 344, 355, 462 A.2d 1216 (1983).

> Mutual discovery of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has within his possession ... [M]odern discovery statutes or rules are intended to facilitate discovery, not to stimulate the ingenuity of lawyers and judges to make the pursuit of discovery an obstacle race ... No longer can the time honored cry of 'fishing expedition' serve to preclude a party from inquiry into the facts underlying his opponent's case.

*Shenk,* 86 Md.App. at 502, 587 A.2d 551 (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1946)).

> One of the fundamental and principal objectives [of discovery] is to require the disclosure of *facts* by a party litigant to all of his adversaries ... If all of the parties have knowledge of all of the relevant, pertinent and non-privileged facts, or the knowledge of the existence or whereabouts of such facts, the parties should be able to properly prepare their claims and defenses, thereby advancing the sound and expeditious administration of justice.

*Mezzanotti,* 227 Md. at 13, 174 A.2d 768 (emphasis in original). *Accord Kelch,* 287 Md. at 229, 411 A.2d 449; *Klein v. Weiss,* 284 Md. 36, 55, 395 A.2d 126 (1978). Facts entirely within the knowledge of the opposing party may be especially appropriate for discovery. *See Goldstein v. Peninsula Bank,* 41 Md.App. 224, 232, 396 A.2d 542 (1979).

Sparse is the Maryland case law regarding when interrogatories are excessively broad, burdensome, or vague.

We therefore turn to federal decisions for guidance. *Androutsos,* 323 Md. at 639, 594 A.2d 574; *Allen v. Allen,* 105 Md.App. 359, 369, 659 A.2d 411 (1995); *Pleasant v. Pleasant,* 97 Md. App. 711, 732, 632 A.2d 202 (1993). The requesting party should limit the scope of discovery. General allegations of overbreadth, vagueness, and burden, however, are not sufficient to defeat the requesting party's motion to compel. The complaining party should demonstrate, e.g. through an affidavit, why furnishing a particular answer would be burdensome. *Flanagan v. Travelers Ins. Co.,* 111 F.R.D. 42, 46 (W.D.N.Y. 1986); *Chubb Integrated Systems Ltd. v. Nat'l Bank of Washington,* 103 F.R.D. 52, 59–60 (D.D.C.1984). If appropriate, the trial court may restrict the scope of discovery to prevent abuse, by granting a motion for a protective order. *Flanagan* at 47; *see Jenkins v. Cameron & Hornbostel,* 91 Md.App. 316, 332, 604 A.2d 506 (1992); *C.f. Quality Discount Tires, Inc. v. The Firestone Tire & Rubber Co.,* 282 Md. 7, 30, 382 A.2d 867 (1978); *Stein v. Overlook Joint Venture,* 246 Md. 75, 79–80, 227 A.2d 226 (1967); Maryland Rule 2–432(b). The trial court may also allocate costs to lessen the complaining party's burden. Maryland Rule 2–403(a).

In this case, appellee argues that the interrogatories are overbroad because they do not contain a time limitation, because they encompass all police department employees, and because they request information regarding non-sustained allegations. The record on appeal is insufficient to indicate the extent of the burden on appellee. On remand, the circuit court could reasonably conclude that an adequate time frame would be the period of time when appellee was commissioner. *See Miles,* 154 F.R.D. at 119–120; *Jones v. Holy Cross Hospital Silver Spring, Inc.,* 64 F.R.D. 586, 591 (D.Md.1974). The circuit court could, although not required to do so, also require that discovery be limited to similarly circumstanced employees, i.e., police officers only.

■ Unnecessary discovery limitations must be avoided in race discrimination cases. *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983); *Miles v. Boeing Co.,* 154 F.R.D.

117, 119 (E.D.Pa.1994). Comparative information that may demonstrate a pattern of discriminatory conduct is relevant. *Lieberman v. Gant,* 630 F.2d 60, 68 (2d Cir.1980). Discovery should, however, be

> restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats *all* of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race.

*Flanagan,* 111 F.R.D. at 46–47, (quoting *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617, 619 (D.D.C.1983)) (emphasis in original).

## B. Confidentiality

Appellant has alleged that, during an internal investigation of sexual misconduct, he was disparately treated on the basis of his race. He therefore has a right to seek information regarding other investigations and allegations of sexual misconduct. That right, however, is not without limitation. Records of internal police investigations are confidential. Md. Ann.Code Art. 27 § 728(b)(5)(iii)–(iv) (1992 Repl.Vol.); Md. State Gov't Code Ann. § 10–618(f) (1993 Repl.Vol.). The officers who were the subject of those investigations, and other persons who were interviewed by the investigators, have an obvious interest in preventing disclosure of their identities. We therefore remand for proceedings that will balance appellant's legitimate need for relevant information in the records against (1) the privacy rights of other persons and (2) the custodian's duty to maintain confidentiality.[2] *Dep't of Social*

---

**2.** See, e.g., the seven circumstances enumerated in Md.State Gov't Code Ann. § 10–618(f)(2), and the factors discussed in *Mayor and City Council v. Maryland Committee Against the Gun Ban,* 329 Md. 78, 617 A.2d 1040 (1993). We also note that the privacy interests here are not as strong as those involved in *Stein,* wherein unauthorized disclosure of the records was a criminal offense, and some of the records were additionally protected by statutory privilege.

*Services v. Stein,* 328 Md. 1, 27, 612 A.2d 880 (1992); *Zaal v. State,* 326 Md. 54, 72, 602 A.2d 1247 (1992).

On remand, appellant must (1) proffer his need for disclosure, and (2) persuade the circuit court that there is a reasonable possibility that the records contain information that would help him to establish disparate treatment. *Stein* at 27, 612 A.2d 880; *Zaal* at 81, 602 A.2d 1247. In reviewing this proffer, the court should consider the relationship between the information sought and the nature of the case, as well as the precise issue that the information is expected to address. *Id.*

Once the appellant has demonstrated such need, the trial judge must determine what police department records exist and which of those records are confidential. This determination should be made in camera. Any reviewed records that are deemed not relevant or usable should be sealed and filed separately. Any records that appear to be discoverable shall then be reviewed at an expanded in camera hearing, with counsel of record present as officers of the court.

As to those records that will be shared with counsel in their roles as officers of the court, the judge may order such steps as are necessary to preserve confidentiality, e.g., redacting any personally identifying information from the records, i.e., the names, addresses, badge numbers, etc., of any persons involved in the investigation. *See Zaal.* In this case, the judge may reasonably conclude that every name in the files will be redacted, and that only the race of each officer who was investigated or disciplined, etc., be furnished to appellant's counsel. If, during that expanded in camera review, appellant makes a prima facie showing of entitlement to use a confidential record or portion thereof, the court must schedule a closed but on-the-record hearing to afford any person who has an interest in the confidentiality of such record an opportunity to object to the disclosure, and to afford counsel seeking discovery an opportunity to respond to whatever objections are interposed.

The officers whose records are confidential are entitled to be heard on the issue of whether—and to what extent—

appellant can use the information gleaned from the records. Other persons, e.g., complainants and witnesses identified in the confidential records, also have an interest in preserving confidentiality. They are entitled to be heard as well. After hearing from and giving due weight to the interests of (1) appellant, (2) appellee, and (3) all other persons who have an interest in the confidentiality of the records at issue, the circuit court will be in a position to determine what records (or portions thereof) shall remain confidential and what shall be available for further discovery and/or use at trial.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.**