Michael CHIN, et. al.

v.

CITY OF BALTIMORE, et al.

No. CIV.A. CCB 02–1551.

United States District Court,
D. Maryland.

Jan. 22, 2003.

Walter L. Blair, Blair and Lee PC, College Park, MD, for Plaintiffs.

Peter Saar, Baltimore Police Department Office of Legal Affairs, Baltimore, MD, for Defendants.

*MEMORANDUM*

BLAKE, District Judge.

The plaintiffs, Michael Chin and Sweet N Spicy Foods Inc, have filed an action against Baltimore City, the Baltimore City Police Department, and Officer Michael V. Wilhelm. The Baltimore Police Department and Baltimore City have filed motions to dismiss. The United States has filed a motion to substitute the United States for Officer Wilhelm. Officer Wilhelm has filed a motion to dismiss or, in the alternative, for summary judgment. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, the court will grant the motions to dismiss of the Baltimore Police Department and Baltimore City. The court will deny without prejudice the motion to dismiss Officer Wilhelm and substitute the United States in his place, as well as Officer Wilhelm's

motion to dismiss. Further, the court will restrict discovery to the question of Officer Wilhelm's federal employment at the time of the events described in the complaint.

*Factual Background*

Because the motions before the court are based on a motion to dismiss under Rule 12(b)(6), the facts in the complaint are assumed to be true. The following facts are alleged by the plaintiffs.

Michael Chin owns and operates Sweet N Spicy Foods, Inc., a distributor of international foods in Baltimore. On May 22, 2001, a number of police officers from the Baltimore Police Department, led by Officer Wilhelm, entered and searched Sweet N Spicy Foods, Inc. with their weapons drawn. The officers displayed no indicia that they were affiliated with law enforcement. While neighbors looked on, they assaulted Mr. Chin and then handcuffed him for an extended period of time. The search caused considerable property damage, and significantly compromised aspects of the company's future business production and sales. The officers did not have a warrant and found no contraband as a result of this search.

Mr. Chin alleges that Officer Wilhelm, the Baltimore Police Department, and the City of Baltimore are liable under 42 U.S.C. § 1983 for federal civil rights violations and under state law for both common law and constitutional torts.

*Baltimore Police Department*

The Baltimore City Police Department has moved to dismiss the claims against it. First, the Police Department contends that it is a state agency, and that either it enjoys sovereign immunity, or the plaintiff has failed to state a claim against it.[1] (*See*

---

1. The Police Department also argues that it "is not a juridical entity subject to suit." (Police Mot. at 4.) For this proposition, the Police Department relies on four cases, none of which persuade the court that the Baltimore Police Department is unable to be sued. *Clea,*

Pls. Opp. to Police Mot. at 7); *see also Baltimore Police Department v. Cherkes*, 140 Md.App. 282, 780 A.2d 410, 422–23 (2001); *Clea v. Mayor of Baltimore*, 312 Md. 662, 541 A.2d 1303, 1306 (1988). The plaintiffs concede that the Baltimore Police Department is a state agency. (Pls. Opp. to Police Mot. at 7.)

■ With respect to the § 1983 claim against the Baltimore Police Department, a state agency is not a "person" as the term is used in 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). For that reason, a state agency cannot be sued under § 1983. *Id.* at 67, 109 S.Ct. 2304. However, the holding of *Will* "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70, 109 S.Ct. 2304. The question, then, is whether the Baltimore Police Department is a state agency for Eleventh Amendment purposes.

■ Judge Kaufman of this court determined that the Police Department was connected with the government of Baltimore City to such an extent as to prevent the Police Department from asserting an Eleventh Amendment immunity. *Hector v. Weglein*, 558 F.Supp. 194, 197–99 (D.Md.1982); *see also Wilcher v. Curley*, 519 F.Supp. 1 (D.Md.1980). More recently, the Maryland Court of Special Appeals followed *Hector* and held that the Baltimore City Police Commissioner is not entitled to Eleventh Amendment immunity because the Police Department is too interconnected with the government of the City. *Blades v. Woods*, 107 Md.App. 178, 667 A.2d 917, 918–19 (1995). The Police Department has not presented any reason to distinguish this case from *Blades* and *Hector*. Therefore, the court determines that the Baltimore Police Department is not entitled to Eleventh Amendment immunity. As a result, the Baltimore Police Department is a "person" subject to suit under § 1983.

■ However, with respect to the state law causes of action, the result is different. State sovereign immunity "protects the State not only from damage actions for ordinary torts but also from such actions for State constitutional torts." *Cherkes*, 780 A.2d at 424.[2] The Baltimore Police Department enjoys sovereign immunity from actions for damages based on state common law torts or state constitutional

---

541 A.2d at 1306, establishes that the Baltimore Police Department, unique among Maryland police departments, is a state agency rather than an agency of a county or municipality. *Champ v. Baltimore County*, 1994 WL 395735 at *2 n. 2 (D.Md. June 14, 1994), expressly states that the Baltimore City Police Department, as a state agency, is the exception to the general rule in Maryland that a municipal or county police department is an agency of local government. *Ashburn v. Anne Arundel County*, 306 Md. 617, 510 A.2d 1078, 1079 (1986) dealt only with whether the police department of Anne Arundel County was subject to suit. Finally, the Police Department cites to *Arvinger v. Mayor and City Council of Baltimore*, 811 F.Supp. 1121, 1126 (D.Md.1993), which contains an order, not discussed in the accompanying opinion, which dismisses a suit against the Baltimore

Police Department because it "is not a juridical entity subject to suit." The Order contains no explanation for the ruling. The court will follow the Maryland Court of Special Appeals in *Cherkes* and assume without deciding that the Baltimore City Police Department is a suable entity. *See Baltimore Police Department v. Cherkes*, 140 Md.App. 282, 780 A.2d 410, 422, 436 (2001).

**2.** The plaintiff attempts to distinguish *Cherkes* from this case, by noting that *Cherkes* involved the application of sovereign immunity to a claim based on a respondeat superior theory. (Pls. Opp. to Police Mot. at 9.) As to the issue of sovereign immunity, however, the theory underlying a claim is not a relevant distinction between this case and *Cherkes*.

torts. *See id.* at 422; 436.[3] The claims against the Baltimore Police Department based on state law will, therefore, be dismissed on sovereign immunity grounds.

■ Even though the Baltimore Police Department is subject to suit under § 1983 as a local government entity, the complaint fails to state a claim. "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (emphasis in original). A municipality cannot be held liable in a § 1983 action under a theory of respondeat superior. *Monell v. New York Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The plaintiffs have not alleged sufficient facts to establish that the search of Sweet N Spicy Foods was the result of a custom or policy of the Baltimore Police Department. Indeed, the plaintiffs have alleged no incidents other than the search of Sweet N Spicy Foods. In essence, the plaintiffs invite the court to infer, from one event, that the Police Department itself caused the alleged constitutional wrong. The court declines to accept this invitation. *See Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir.1985) (holding that a complaint was appropriately dismissed where the only evidence of a municipality's custom or policy was the single constitutional violation alleged in the complaint); *see also Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999) (allegations of scattered constitutional violations are not sufficient to establish a policy or custom sufficient to create municipal liability). The § 1983 claim against the Baltimore Police Department, therefore, fails to state a

claim. The Baltimore Police Department's motion to dismiss will be granted.

*Baltimore City*

■ Plaintiffs allege, in essence, that the City is liable because it exercises control over the Baltimore Police Department, and Officer Wilhelm works for the Police Department. This is not sufficient to establish liability under either § 1983 or the state law causes of action alleged for two reasons. First, as discussed above, the complaint does not state a claim for municipality liability under § 1983.

Second, as a matter of Maryland law, the Baltimore City government does not wield enough control over the Baltimore Police Department to be subject to liability for the Baltimore Police Department's actions. In *Clea*, the Maryland Court of Appeals held that Baltimore City could not be liable in a state law tort action for the acts of a Baltimore Police Department Officer under a respondeat superior theory, because an officer of the Baltimore Police Department is not an employee of Baltimore City. *Clea*, 541 A.2d at 1306. Judge Harvey, following *Clea*, determined that Baltimore City cannot be held liable under § 1983 for an unconstitutional arrest by a Baltimore City police officer. *Carter v. Mayor and City Council of Baltimore*, 164 F.Supp.2d 509, 517–18 (D.Md.2001) (vacated on other grounds at 39 Fed.Appx. 930, 2002 WL 1580679 (4th Cir.2002)). The court sees no reason to depart from *Clea* and *Carter*. Therefore, the court holds that Baltimore City, as an entity distinct from the Baltimore Police Department under Maryland law, cannot be liable for the actions of an employee of the Baltimore Police Department. The state law counts will therefore be dismissed under *Clea*,

---

**3.** As the court in *Cherkes* explained, however, there is an exception to this sovereign immunity for duties arising under the Local Government Tort Claims Act to indemnify or defend a local government employee. *Cherkes*, 780 A.2d at 431, 434.

and the § 1983 claim will be dismissed under *Carter* and for failure to state a claim for municipal liability.

*Motion to dismiss the individual defendant*

The United States has moved to dismiss the individually named defendant, Michael Wilhelm, and replace him with the United States under the Federal Tort Claims Act. The United States Attorney for the District of Maryland has certified, pursuant to 28 U.S.C. § 2679 and 28 CFR § 15.3, that Michael Wilhelm was acting within the scope of federal employment as a Task Force Officer of the Drug Enforcement Agency. (Gov. Mot. to Dismiss Ex. 1.) Chin disputes that Wilhelm was acting as a federal officer, and seeks discovery on the issue. (Pls. Opp. at 1–4.)

The Supreme Court, in *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995), held that certifications that a defendant was acting within the scope of federal employment are reviewable by a district court. In the wake of *Gutierrez de Martinez*, the Fourth Circuit has provided guidance for how to proceed when a certification is challenged. *See Maron v. United States*, 126 F.3d 317 (4th Cir.1997). The court there concluded that the government's certification meets a prima facie burden of showing that the defendant was a federal employee, but does not itself "carry any evidentiary weight unless it details and explains the bases for its conclusions." *Id.* at 323. The plaintiff bears the burden of refuting the

certification and establishing by a preponderance of the evidence that the defendant was not acting within the scope of federal employment. *Id.*

 Further, discovery should be allowed on the scope of the defendant's federal employment, but it should be narrowly circumscribed. *Id.* at 327. "If initial discovery were not narrowly tailored, plaintiffs would be able to undermine the advantage of substitution intended for defendants by subjecting them to a lengthy and invasive discovery process before the court even had an opportunity to rule that they should be immune from trial." *Id.* This restriction on discovery should be strictly followed. *Id.* Accordingly, the government's motion to dismiss the individual defendant will be denied without prejudice.[4] The government may raise this issue again when discovery on the scope of employment has been completed, and the plaintiff will then have the burden of showing that Mr. Wilhelm was not a federal employee in accordance with *Maron*.

*Conclusion*

For the reasons stated above, the motions to dismiss filed by the City of Baltimore and the Baltimore City Police Department will be granted. The motion to dismiss, or in the alternative for summary judgment, filed by Officer Wilhelm, and the motion to substitute party filed by the United States, will be denied without prejudice. Discovery shall be stayed on every issue but whether Officer Wilhelm was

---

4. Officer Wilhelm argues that a number of claims against him should be dismissed. (Wilhelm Mot. to Dismiss.) These arguments each assume that Officer Wilhelm is a federal officer, and, for that reason, will be denied without prejudice. Once the question whether Officer Wilhelm was working within the scope of federal employment has been resolved he may reassert these grounds for dismissal.

Further, Officer Wilhelm's arguments that he is entitled to qualified immunity must be rejected at this stage. Taking the facts in the complaint as true, Officer Wilhelm could not have reasonably believed that his actions did not violate the plaintiffs' clearly established rights.

acting in the scope of federal employment when Sweet N Spicy Foods was searched on May 22, 2001.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

(1) the Motion to Dismiss filed by the City of Baltimore (docket number 4) is hereby **granted**;

(2) the Motion to Dismiss filed by the Baltimore City Police Department (docket number 5) is hereby **granted**;

(3) the Motion to Substitute Party filed by the United States (docket number 13) is hereby denied without prejudice;

(4) the Motion to Dismiss, or in the Alternative for Summary Judgment filed by Officer Wilhelm (docket number 14) is hereby **denied without prejudice**;

(5) the Motion to Extend Time to File a Rebuttal to Plaintiff's Response to Defendant's Motion to Dismiss filed by the Baltimore Police Department (docket number 20) is hereby **granted**;

(6) discovery shall be stayed on all matters other than those pertaining to whether Officer Wilhelm was acting within the scope of federal employment during the alleged course of conduct which forms the basis for the complaint;

(7) the discovery permitted in (5) shall be completed by **March 31, 2003**; at which time a status report is due; and

(8) the motions to substitute and/or dismiss may be renewed, if appropriate, by **April 30, 2003**; and

(9) counsel shall advise the court within 14 days whether there is unanimous consent to proceed before a United States Magistrate Judge for the remainder of this case; and

(10) the Clerk shall send copies of this Order and the accompanying Memorandum to counsel of record.