**Michael CHIN, et al.,**

v.

**Michael V. WILHELM.**

**No. CIV.A.CCB–02–1551.**

United States District Court, D. Maryland.

Nov. 13, 2003.

Walter L. Blair, Blair and Lee, PC, College Park, MD, for Plaintiff.

Tarra DeShields Minnis, Office of the United States Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

The plaintiffs, Michael Chin and Sweet N Spicy Foods, Inc. ("Plaintiffs"), filed suit against the City of Baltimore, the Baltimore City Police Department, and Michael V. Wilhelm, in his individual and official capacities, alleging, in sum, that a search of Chin's person, business, and vehicles on May 22, 2001 violated various laws and constitutional rights. The court previously granted the motions to dismiss of the City of Baltimore and the Baltimore City Police Department.[1] *See Chin v. City of Baltimore*, 241 F.Supp.2d 546 (D.Md.2003). Now pending before the court is a motion for summary judgment by Wilhelm ("Defendant"). The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6.

The complaint alleges violations of federal civil rights (count one) and Maryland civil rights (count two), and various common law torts (counts three through seven: negligence, assault and battery, negligent hiring and training, intentional infliction of emotional distress, and false imprisonment and arrest). Wilhelm, who was employed by the Baltimore City Police Department but deputized as a Task Force Officer of the Drug Enforcement Administration ("DEA") at the time of the incident in question, previously filed a motion to dismiss the tort claims on the grounds that the United States should be substituted for him as the sole party defendant pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679 (2003). At that time, the United States Attorney for the District of Maryland certified that Wilhelm was a federal employee acting within the scope of his federal employment on May 22, 2001. The plaintiffs disputed that Wilhelm was acting as a federal officer. Accordingly, the court ordered limited discovery, relative only to Wilhelm's status as a federal employee, pursuant to the Fourth Circuit's directives in *Maron v. United States*, 126 F.3d 317, 327–28 (4th Cir.1997). *See Chin*, 241 F.Supp.2d at 550. Upon completion of said discovery,[2] Wilhelm moved the court

---

1. That opinion is incorporated herein by reference, to the extent relevant.

2. Because Wilhelm was activated for military service in Iraq, precluding the plaintiffs from deposing him, the court decided to evaluate Wilhelm's motion on the basis of documentary evidence alone, if possible.

for summary judgment on the tort claims, again, pursuant to the FTCA.

 Federal employees enjoy absolute immunity from common law tort actions arising out of acts or omissions committed within the scope of their employment. *See* 28 U.S.C. § 2679(b); *see also Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir.1994). As stated by the court in its earlier opinion, the plaintiffs bear the burden of refuting the United States Attorney's certification and establishing by a preponderance of the evidence that the defendant was not a federal employee acting within the scope of his employment at the time of the incident in question. *Chin*, 241 F.Supp.2d at 550 (citing *Maron*, 126 F.3d at 323). Under the FTCA, federal employees include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Deputized DEA agents have been considered federal employees within the meaning of the FTCA. *See, e.g., Harris v. City of Cleveland*, 190 F.R.D. 215, 216, 219 (N.D.Ohio 1999); *Bordeaux v. Lynch*, 958 F.Supp. 77, 83–84 & n. 5 (N.D.N.Y.1997); *Amoakohene v. Bobko*, 792 F.Supp. 605, 607–08 (N.D.Ill.1992). Whether a federal employee was acting within the scope of his or her employment is determined by reference to the law of respondeat superior in the state where the alleged tort occurred. *Maron*, 126 F.3d at 323–24; *see also Lovelace v. Anderson*, 366 Md. 690, 785 A.2d 726, 742 (2001) (summarizing Maryland's law of respondeat superior); *Sawyer v. Humphries*, 322 Md. 247, 587 A.2d 467, 470–72 (1991) (same).

 In addition to the United States Attorney's certification, affixed to Wilhelm's present motion are his DEA deputization statement and oath of office, a heroin task force agreement between the DEA and the Baltimore City Police Department, a declaration of Preston L. Grubbs, Supervisory Special Agent for the DEA, who avowed that Wilhelm was a deputized DEA agent on May 22, 2001, and Wilhelm's own declaration, which details his association with the DEA in connection with the events in question. (Def.'s Mem. at Ex. 1, 4–7, 9.) Significantly, the plaintiffs do not continue to dispute that Wilhelm was a federal employee on May 22, 2001. (*See* Pls.' Mem. at 9–14.) Rather, they explain that they "did not know and had no reason or ability to know, either at the time of the incident or prior to filing the Complaint, that Officer Wilhelm was a DEA agent." (*Id.* at 10.) Because the plaintiffs did not present any evidence refuting the United States Attorney's certification, *Maron*, 126 F.3d at 323, the court finds that Wilhelm was a federal employee acting within the scope of his employment during the relevant time period.

 An action against the United States brought pursuant to the FTCA for damages "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages." 28 U.S.C. § 2679(b)(1). The United States, thus, must be substituted for Wilhelm as the sole party defendant on the tort claims. *Id.* An action under the FTCA, however, cannot lie "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). The plaintiffs, again emphasizing that they did not know of Wilhelm's status as a federal agent upon filing their complaint, concede

they did not first file an administrative claim with the DEA. (*See* Pls.' Mem. at 11; *see also* Def.'s Mem. at Ex. 10 (Declaration of Bettie E. Goldman, Associate Chief Counsel for the DEA, affirming that the plaintiffs have not presented a claim to the DEA pertaining to the incident alleged in their complaint).) Failure to file an administrative claim divests the court of subject matter jurisdiction. *Logan v. United States,* 851 F.Supp. 704, 707 (D.Md.1994) (citing *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986)). Accordingly, the plaintiffs' tort claims, counts three through seven, will be dismissed without prejudice.[3]

Count one alleges violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 18 U.S.C. § 245. The plaintiffs admit the Fourteenth Amendment claim is inapplicable if Wilhelm was a federal employee at the time of the incident in question (*see* Pls.' Mem. at 20); given the court's earlier holding, summary judgment will be granted for the defendant on the Fourteenth Amendment claim. *See also Rich v. United States,* 158 F.Supp.2d 619, 625 (D.Md. 2001). In addition, 42 U.S.C. § 1983 applies only to state officers acting under color of state law. *See* 42 U.S.C. § 1983; *see also Rich,* 158 F.Supp.2d at 630 (citing cases); *Bordeaux,* 958 F.Supp. at 84; *Amoako-*

*hene,* 792 F.Supp. at 608. Because Wilhelm was a federal officer acting under color of federal law, summary judgment for the defendant will also be granted on the section 1983 claim.[4] The plaintiffs' Fifth Amendment (due process) claim also fails. (*See* Pls.' Mem. at 20.) As stated by the court in *Rich:* "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." 158 F.Supp.2d at 625 (internal quotation marks omitted) (quoting *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)). The plaintiffs' claims that Wilhelm conducted an illegal search of Chin's person, business, and vehicles are based on the Fourth Amendment's prohibition against unreasonable searches and seizures. Accordingly, the plaintiffs have no cause of action based on the Fifth Amendment, and summary judgment will be granted for the defendant on this claim.

The plaintiffs cannot state a Fourth Amendment claim against Wilhelm in his official capacity because the FTCA does not waive sovereign immunity for constitutional violations. *See* 28 U.S.C. § 2679(b); *Rich,* 158 F.Supp.2d at 625. They may seek redress, however, for alleged Fourth Amendment violations against Wilhelm in

---

**3.** The plaintiffs devoted the majority of their memorandum to a discussion of the FTCA's savings provision that creates a sixty-day grace period for the presentment to an administrative agency of claims that were originally filed against a federal employee in court, but were dismissed for want of agency presentment. *See* 28 U.S.C. § 2679(d)(5); *see also Mittleman v. United States,* 104 F.3d 410, 413–15 (D.C.Cir.1997). Although the court is without jurisdiction over the tort claims, it assumes without deciding for purposes of this Memorandum and Order that the plaintiffs' suit meets the requirements of 28 U.S.C. § 2679(d)(5)(A), thus enabling them to pres-

ent their claims to the appropriate federal agency within sixty days after the date of this Order. 28 U.S.C. § 2679(d)(5). The tort claims, therefore, will be dismissed without prejudice.

**4.** Further, 42 U.S.C. § 1988 primarily regards the award of attorney's fees to prevailing civil rights litigants, and 18 U.S.C. § 245 is a criminal statute that does not provide a private civil cause of action. Accordingly, the court will also grant the defendant's motion for summary judgment on these claims.

his individual capacity. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *see also Carlson v. Green*, 446 U.S. 14, 19–20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (noting that FTCA and *Bivens* actions are "parallel, complementary causes of action"). The defendant maintains that the doctrine of qualified immunity shields him from liability for Fourth Amendment violations. (Def.'s Mem. at 25–30.) As stated in the court's earlier opinion, taking the facts in the complaint as true, Wilhelm could not have reasonably believed that his actions did not violate the plaintiffs' clearly established rights. *Chin*, 241 F.Supp.2d at 550 n. 4. Because there has been no discovery pertaining to the complaint's substantive allegations, the defendant's motion for summary judgment on the Fourth Amendment claim brought against him individually will be denied.

 Finally, regarding count two, Maryland civil rights,[5] the court reiterates that the remedy against the United States provided by the FTCA is exclusive and "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee ... is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1). There are two exceptions, however, to the FTCA's exclusiveness of remedy: it "does not extend or apply to a civil action against an employee of the Government—(A) which is brought for a violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C.

§ 2679(b)(2). As stated, the plaintiffs may pursue a *Bivens* action against Wilhelm in his individual capacity for alleged violations of the United States Constitution. It does not appear, however, that a plaintiff may sue a federal officer in his individual capacity for alleged violations of a state constitution. *See, e.g., Hightower v. United States*, 205 F.Supp.2d 146, 148 (S.D.N.Y.2002) ("Although the complaint indicates that plaintiff's constitutional claims purport to be brought under 42 U.S.C. Section 1983 and/or the New York State Constitution, they are properly construed as *Bivens* claims for violations of the United States Constitution, because the defendants are all federal employees acting under federal law."). Nor may a plaintiff raise a cause of action against a federal officer in his official capacity for alleged violations of a state constitution, because the United States has not waived its sovereign immunity as to state constitutional claims. *See, e.g., Rich*, 158 F.Supp.2d at 630. The defendant's motion for summary judgment as to count two, thus, will be granted.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. defendant's motion for summary judgment (Docket No. 26) is **GRANTED IN PART AND DENIED IN PART**;

2. counts three through seven of the complaint are **DISMISSED** without prejudice for lack of subject matter jurisdiction;

---

**5.** Although count two is entitled "Maryland civil rights," it mentions various federal statutes and rights guaranteed by the United States Constitution (which also are mentioned in count one), in addition to various sections of the Maryland Declaration of Rights. The federal claims were addressed in connection with count one, and count two, therefore, will be considered to allege violations of the Maryland Declaration of Rights only.

3. count one of the complaint is construed as a *Bivens* action, against the defendant in his individual capacity, alleging only violations of the Fourth Amendment of the United States Constitution, and all other claims in count one are **DISMISSED**;

4. defendant's motion for summary judgment as to count two of the complaint is **GRANTED**; and

5. copies of this Order and the accompanying Memorandum shall be sent to counsel of record.